## ZADOCK A. TAFT *vs.* ELISHA STETSON.

Worcester      March 1. — May 7, 1875.    COLT & MORTON, JJ., absent.

A. placed on the land of B. a steam-engine and boiler set in brick, under an agreement by which they were to remain the property of A., with the right to remove them. B. afterwards mortgaged the land to A., who took possession for a breach of condition, and subsequently removed and sold the engine and boiler. *Held,* on a bill in equity to redeem the mortgage, that A. was not accountable to the plaintiff for the value of the engine and boiler.

The wife of the mortgagor of land did not join in the mortgage, and continued in possession of a house on the land claiming it as a homestead. The mortgagee entered upon the land to foreclose the mortgage but did not take possession of the house, and did not receive rent for the same. *Held,* on a bill in equity to redeem brought by an assignee of the equity of redemption, that the mortgagee was not accountable for the rent of the house.

BILL IN EQUITY to redeem land from a mortgage. The case was referred to a master, whose report, so far as material to the questions presented to this court, was as follows :

On June 11, 1868, Bradford Stetson made a mortgage of the real estate, described in the plaintiff's bill, to the defendant, his father. The wife did not join in the mortgage in release of her right of dower and homestead. At this time the mortgagor and his wife were in possession and claiming occupation of a house on the land, and have retained such possession and occupation ever since, she claiming a right to such occupation by virtue of the homestead law. No proceedings have been had to set off her homestead to her. On December 14, 1869, the mortgagee took open and peaceable possession of the mortgaged property, for a breach of condition, and for the purpose of foreclosure, and has since been in possession of the mortgaged property, except the house, and has received the rents and profits thereof. The plaintiff's title to redeem the property was admitted.

There was no evidence tending to show that the defendant made any effort to get possession of the house, or to collect the rents thereof. His son, the mortgagor, during all, or much of the time, was acting as an agent of his father in relation to the other mortgaged property, and the plaintiff contended that such agency made him also the agent of his father as to the house, and that his possession was a possession for his father, and that the defendant should be charged with a reasonable sum as the rent of the house.

In the fall of 1867, an agreement was made between the defendant and his son, Bradford, by which the defendant agreed to put into a shop, on the land afterwards mortgaged to him, an engine and boiler to be used by the occupant of the shop, which engine and boiler should continue to be the property of the defendant, with the right to remove the same from the shop at any time. In pursuance of this agreement, about January 1, 1868,

the defendant placed the engine and boiler in the shop and a small engine house connected therewith. The boiler and engine were set in brick laid with mortar; and there remained until March 3, 1871, when the defendant caused them to be removed and sold. The plaintiff contended that the fair value of the property should be applied in reduction of the mortgage debt.

The master stated an account disallowing both of the above items, and the plaintiff filed exceptions accordingly. The exceptions were overruled by *Gray*, C. J., and the plaintiff appealed.

*F. Deane*, for the plaintiff.

*G. W. Hobbs*, for the defendant.

AMES, J. The steam-engine, with the boiler and its appliances, was furnished and set up upon the premises by the defendant, who at the time had no title in the estate. The agreement between him and the owner was, that these additions to the premises should continue to belong to him, with the right to remove them whenever he saw fit. They were, therefore, personal property; *Howard* v. *Fessenden*, 14 Allen, 124; *Morris* v. *French*, 106 Mass. 326; *Hartwell* v. *Kelly*, *ante*, 235; and never became the property of the mortgagor, and of course did not pass by and were not included in the mortgage. They were rightfully sold by the defendant as his own property, and there is no reason why he should be held accountable to this plaintiff for the proceeds of the sale.

With regard to the rent of the house, it does not appear that any was collected by the defendant, or that any was left uncollected by his fault or neglect. The house was occupied under a claim of right, adversely to the defendant. There having been no release of the homestead, the occupation of the house by the mortgagor and his family was rightful. *Silloway* v. *Brown*, 12 Allen, 30.                              *Decree affirmed.*