ARTHUR E. ROWSE, petitioner.
FRANK N. LORD *vs.* ARTHUR E. ROWSE & another.

Middlesex.   November 12, 1906. — April 8, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Petition to establish exceptions, Exceptions, New trial. *New Trial. Rules of Court. Fixtures. Replevin. Evidence,* Presumptions and burden of proof.

A compliance with the requirement of Rule 6 for the regulation of practice before the full court, that a petition to establish exceptions shall be " verified by affidavit," is shown by a jurat attached to the petition signed by a justice of the peace containing the words " subscribed and sworn to . . . before me."

Where in an action of replevin there are two defendants whose liability is not alleged to be joint and who set up different defences in separate answers, but who, after a verdict for the plaintiff, both allege exceptions which are set forth in one bill of exceptions purporting to have been filed in behalf of both of them and signed by counsel as " attorneys for defendants," if the presiding judge refuses to allow the exceptions and a petition to establish the exceptions is filed by one of the defendants in behalf of himself alone, the bill of exceptions may be construed as the bill of the petitioner only so far as it concerns his liability and as the bill of the other defendant so far as it concerns the liability of that defendant; so that the omission from the bill of an agreement of counsel that so far as concerns the other defendant " the question shall be one of costs only " does not prevent the establishing of the exceptions of the petitioner, to whose case the agreement is not material, even if it was a proper ground for the refusal of the presiding judge to allow the exceptions of the other defendant.

In this Commonwealth a motion to set aside a verdict on the grounds that it is against the evidence and the weight of the evidence, that it is against the law and that it is against the law as given by the court is addressed to the discretion of the trial judge, and the denial of such a motion cannot be revised on exception.

A party presenting a request for a ruling is not entitled to have it given in its exact language even if it is correct in law and is applicable to the case. It is enough if it is given in substance.

In an action of replevin against the owner of a building used as a vinegar factory and the lessee of the building so using it, to recover a large number of articles alleged by the plaintiff to be personal property and alleged by the defendants to be fixtures attached to and belonging to the factory, the judge instructed the jury that the burden was upon the plaintiff to show as to each article that it was personal property and not a fixture, and that this was so even if the tenant would have a right to remove it as a tenant's fixture, that the plaintiff could not maintain replevin for an article which was a fixture so long as it remained such, that unless the plaintiff proved any given article to be personal property as distinguished from a fixture he must fail in the action so far as respected that article and that the jury must consider each article and determine under the instructions given whether it was personal property, further instructing the jury by illustration and otherwise as to the tests to be used in ascertaining whether an article was or was not a fixture. The defendants did not except to the charge, but excepted to the refusal of certain rulings which the judge refused to give in the specific language requested, but which were held by this court to have been covered, so far as they were proper, by the general language of the charge.

A grantee of land does not acquire title to articles annexed to the land which under an agreement between his grantor and a third person are to be treated as personal property if he had notice of the agreement when he took his deed.

In a case before this court on exceptions only questions of law raised upon the record can be dealt with, and, if the jury in the trial court through an inability properly to grasp a large mass of facts and to apply the law thereto or from any other similar cause have rendered an unjust verdict, the remedy is not to be found in this court.

PETITION to establish exceptions, subscribed and sworn to on January 20, 1906, by Arthur E. Rowse, one of the defendants in an action of replevin brought by Frank N. Lord against the petitioner and James E. Blacker, afterwards deceased, for one hundred and twenty articles of property alleged to belong to the plaintiff, as further described in the opinion.

The jury returned a verdict for the plaintiff against the defendant Rowse for forty-three of the disputed articles and assessed damages in the sum of $1. They returned a verdict for the executors of the will of the defendant Blacker, who had been admitted to defend the action. The defendants filed a bill of exceptions, which was disallowed by the judge of the Superior Court before whom the case was tried on the grounds described in the opinion.

*G. R. Nutter* argued the case for the petitioner on the point of establishing the exceptions.

*F. S. Hesseltine* argued the case for the defendant Rowse on the exceptions.

*C. W. Bartlett,* (*W. F. Kimball & E. W. Bancroft* with him,) for Lord.

HAMMOND, J.   1. The first question is whether the exceptions are established.   It is argued by Lord, the plaintiff in the action and the respondent in the proceeding to establish the exceptions, that the petition is not " verified by affidavit " as required by the sixth rule of practice before the full court.   But this position is untenable.   The words in the jurat " Subscribed and sworn to . . . before me " * legally import that the petitioner signed the petition and made oath that the statements therein contained were true, all before the magistrate as such.   This is a verification by affidavit within the meaning of the rule.   The case differs widely from cases like *Hadley* v. *Watson,* 143 Mass. 27, upon which the respondent relies.

It appears from the certificate of the trial judge that he disallowed the exceptions, first, because they did not contain a statement that " At the conclusion of the testimony, it was agreed by counsel that, as regards the defendant Blacker, the question should be one of costs only," and second, because the defendants refused to insert a statement that " Exceptions were saved only to failure to give requests one and eight, and additional instructions were given with respect to these two."   The commissioner to whom the petition was referred has found that the first statement upon which the judge insisted was in conformity with the truth.

We have not found it necessary to determine whether the finding of the commissioner upon the first objection made by the trial judge was justified by the evidence before him, or whether the power to make such an agreement for Blacker was within the scope of the authority of his counsel, because we are of opinion that the question whether such an agreement was made has become immaterial.   Before the trial Blacker had died and his

---

* The jurat at the foot of the petition after the signature of the petitioner was as follows:

" Subscribed and sworn to, this twentieth day of January, A. D. 1906, before me,                                      Charles H. Studley, Jr.,
                                                            " Justice of the Peace."

executors had appeared in his place to defend. At the trial, however, for the sake of convenience the parties spoke of Blacker as though he were still living, and the judge in the charge to the jury spoke of him in the same way. For the same reason we shall follow to some extent a similar course.

The action was replevin, and there were two defendants. They filed separate and independent answers, and although at the trial they seem to have been defended by the same counsel, yet they were not joint defendants; and the defence of one was so far different from the defence of the other that a verdict might have been rendered for one and against the other. While the bill of exceptions purports to have been filed in behalf of both defendants and was signed by the counsel as "attorneys for defendants," still we think that the principle of *singula singulis reddenda* may be applied, and that the bill may be construed as the bill of Blacker alone as to the part necessary for the consideration of his case, and as the bill of Rowse alone as to the part necessary for the consideration of his case. Upon such construction of the bill the case is not one where there has been a change in the circumstances since the presentation of the bill. Each case remains the same now as at the time of the presentation of the bill. The only thing which has happened is that Blacker has disappeared. The case of Rowse remains the same as before, and, so far as respects that, the omitted phrase never was material. The petition before us is by Rowse alone. As between him and the plaintiff it is immaterial whether or not the alleged agreement as to Blacker's interest was made. Hence, even if it be assumed that, when the exceptions were disallowed by the judge, he was right so far at least as respects the interest of Blacker and therefore that these exceptions could not be established in favor of that interest, yet now that they are prosecuted by Rowse alone we think that the omission is not fatal to him.

As to the second ground for the disallowance of the exceptions, the commissioner has found in favor of the petitioner. We think that this finding must stand. The exceptions must therefore be regarded as established.

2. Rowse moved that the verdict be set aside on the ground first, that it was against the evidence and the weight of the evi-

dence; second, that it was against the law; and third, that it was against the law as given by the court. The motion was denied and Rowse excepted to the denial, the grounds of his exception being the same as those alleged in the motion. Whatever may be the rule elsewhere, in this Commonwealth a motion to set aside a verdict for reasons like these is addressed to the discretion of the trial court, and we cannot revise it on exception. *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274. *Phillips* v. *Soule*, 6 Allen, 150.

3. We now pass to the consideration of the exceptions taken at the trial. The action is replevin brought by Lord against Blacker, the owner of certain real estate used as a factory for the manufacture of vinegar, and Rowse, the tenant and manufacturer, to recover certain articles alleged to be personal property of the plaintiff and being at the date of the writ in the factory. The schedule in the writ comprised one hundred and twenty articles. It was conceded by the defendants that the plaintiff was entitled to sixty-three of them; and as to these the only question was whether the defendants had held or detained them as against the plaintiff. The contest as to title was over the remaining fifty-seven articles. Blacker filed a general denial. His executors further answered that as to the sixty-three articles above named they did not unlawfully take and detain them, and as to the remaining fifty-seven articles they say that "said articles were . . . attached' to and belonging to the vinegar factory owned, at the time of the suing out of the plaintiff's writ, by " Blacker, and that Blacker, "at the time of the service of said writ was not in possession of the said factory, but had leased the same to " Rowse, the other defendant. The answer of Rowse is substantially the same. He admits the title of the sixty-three articles to be in the plaintiff, and denies that he held or detained any of them from the plaintiff.

The case called for a discrimination between personal property and fixtures, involved a careful and detailed examination of a great many facts, and even with the help of the auditor's report was a difficult case for the grasp of an ordinary jury. Several days were occupied in its trial. At the close of the evidence the defendants submitted to the court eighteen requests. After the charge the defendant Rowse excepted to the

refusal to give the first, third, seventh, eighth, seventeenth and eighteenth. The defendant was not entitled to have any request given in its exact language, even if it were correct in law and applicable to the case. It is enough if it was given in substance. In the case before us there was no exception to the charge, the only exception being to the refusal to give the requests.

We have carefully collated the charge with the requests in question. In clear and emphatic language the jury were told that the burden was upon the plaintiff among other things to show as to each article that it was personal property and not a fixture, and that that was so even if the tenant would have the right to remove it as a tenant's fixture; also that he could not maintain replevin for an article which was a fixture so long as it remained such. The judge further instructed the jury, by illustration and otherwise, as to the tests to be used in ascertaining whether an article was or was not a fixture. The key note of the charge was that unless the plaintiff proved any given article to be personal property as distinguished from a fixture, he must fail in the action so far as respected that article; and the jury were told to consider each article and determine under the instructions given whether it was personal property. To the charge, as before stated, no exception was taken. We are of opinion that the third request was too broad. So far as it related to fixtures it was covered by the general language of the charge. So far as it related to personal property it could not have been given. The seventh exception relates in terms to fixtures only, and was covered by the general language of the charge that for fixtures the action could not be maintained. The same may be said of the seventeenth and eighteenth requests.

As to the first request the trial judge, after reading it to the jury, said " That is true; that the plaintiff would not have any right to separate and remove anything which you find under the instructions were fixtures. He would have only a right to remove such as are personal property, either by virtue of the rules of law as to their character, or by virtue of the agreement under which they were attached making them personal property at that time." This was sufficiently favorable to the defendants.

The eighth request was given with a modification which was

correct.*  *Morris* v. *French*, 106 Mass. 326.  *Brooks* v. *Prescott*, 114 Mass. 392.  *Taft* v. *Stetson*, 117 Mass. 471.

If, as is strongly contended by the defendants, the jury, through an inability properly to grasp the large mass of facts and to apply the law thereto, or from any other similar cause, have rendered an unjust verdict, the remedy is not to be found in this court.  It is possible that more specific rulings as to each article could have been requested, or some other course might have been taken to raise the intricate and numerous questions of law inherent in the case.  We can however pass only upon the questions of law raised upon the record ; and we see no error in the way in which the trial judge dealt with the requests of the defendants.

*Exceptions overruled.*

---

* The eighth request was as follows: " A deed of realty covers all articles annexed, in spite of any agreement to the contrary with the former owner to which the grantee is not a party."  The judge, after reading it to the jury, said " I give that, with the exception that I add to that, ' To which the grantee is not a party, and of which agreement he had no notice at the time when he took his deed.' "