JOSEPH A. BALDWIN AND BELLE A. BALDWIN, HIS
WIFE, AND THE SHERWOOD DISTILLING
COMPANY *vs.* SUMNER
FRANCIS.

*Fixtures: agreement they shall remain personal property and
may be removed.  Trover: injunction to restrain.*

The rule of common law that whatever is affixed or annexed to
the freehold becomes a part of it and can not be removed
except by him who is entitled to the inheritance, may be
modified by agreement between the owner of personal prop-
erty and the owner of realty, made before annexation, and
such property may then retain its status after annexation,
and an enforceable right to remove it may be conferred upon
the owner of the personal property.                  p. 181

By agreement between the manufacturers of bowling alley
furnishings, etc., a bowling alley floor was put together
and nailed to the floor of the building owned in fee
by the proprietor, and the alley was leased from the
former to the latter, with the agreement that if all the pay-
ments due on the bowling alley floor and fixtures were not
made, that the lessor might take up and remove the bowling
alley, etc.; and that if all the payments were made the lessor
would execute to the lessee a bill of sale for the alley floor and
fixtures.  Against B., who was the purchaser of the realty
at a foreclosure sale of a mortgage executed prior to the lease
and the attaching of the fixtures, the assignee of the lessor
brought an action of trover for the conversion of the bowling
alley; B. filed a bill against the assignee of the lessor pray-
ing that he be allowed to pay off the instalment that remained
due on the bowling alley with interest and costs, etc., and
that such assignee be compelled to execute to him a bill of
sale for the alley, and also praying for an injunction to
restrain the further persecution of the action of trover; *held,*

that if the fixtures passed to the purchaser of the real estate the complainant had his defense at law, and if the fixtures under the terms of the lease remained personal property they did not pass to the purchaser of the real estate, and such an injunction would therefore be either unnecessary or improper.           p. 183

It was further *held* that in the latter case having no interest in the bowling alley or the lease, the purchaser of the realty was not entitled to pay off the instalments and redeem the lease.           pp. 182,183

A party has no right to redeem a mortgage who has not interest in the property covered by it.           p. 182

*Decided May 10th, 1912.*

Appeal from the Circuit Court for Baltimore City. (HEUISLER, J.). The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*W. H. DeC. Wright* (with whom was *J. Walter Lord* on the brief), for the appellants.

*Victor I. Cook* and *Clifton S. Brown* (with whom was *E. Allan Sauerwein, Jr.,* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Court below sustaining a demurrer and dismissing the bill of complaint of the appellants.

It appears from the allegations of the bill that Robert E. Geddes, who was the owner of certain real estate in Baltimore county, Maryland, subject to a mortgage executed by him and his wife in favor of Lucretia C. Manning, dated February 4th, 1905, and recorded among the Mortgage Records of Baltimore county, sometime in the year 1909 erected on said

property a building known as the "Relay Casino," and placed therein four bowling alleys which he obtained from the Brunswick-Balke-Collender Company under a contract or lease executed by him and the said company on the 25th day of June, 1909, by which, in consideration of the sum of fifteen hundred dollars, five hundred dollars of which was to be paid cash, and the balance to be secured by ten notes of one hundred dollars each, the said company leased to him the bowling alleys for a period of ten months. The lease provided that upon failure of Geddes to pay the notes when due, the company should have the right to take possession of the alleys and to have the same as though the lease or contract had not been executed, and also provided that upon payment of all the notes according to the terms thereof the company would convey the bowling alleys to Geddes by a bill of sale.

On the 29th of June, 1910, Geddes and his wife executed to the Sherwood Distilling Company of Baltimore City a mortgage on said real estate to secure the payment of $14,-294.10. In February, 1911, the property described in said mortgage to Lucretia C. Manning was sold under the power of sale contained therein for the sum of $7,800.00 to Jay F. Tower, who, the bill alleges, purchased the same for the Sherwood Distilling Company, and who, by direction of said company, afterwards sold and conveyed it to the appellants, Joseph A. Baldwin and Belle A. Baldwin, his wife, by deed dated the 26th day of May, 1911, and duly recorded among the Land Records of Baltimore county.

The bill also alleges that after the property had been sold to Baldwin and his wife, he received notice from the defendant (appellee) that he claimed the bowling alleys referred to in said lease or contract, and that the plaintiff (appellant) Joseph A. Baldwin, learned from him that he based his claim upon said lease and an assignment thereof to him, dated January 27th, 1911, which lease and assignment were recorded among the Chattel Records of Baltimore county. The bill then avers that said pretended lease was intended

as a conveyance of the bowling alleys therein referred to to Geddes, and was resorted to as a means of securing the payment of the ten notes, for one hundred dollars each, given for part of the consideration for the sale; that it was in legal effect a mortgage, and that at the time it was assigned to the defendant there was due from the said Robert E. Geddes, under the terms thereof, $160.00, and that the consideration for the assignment did not exceed the sum of $150.00.

It is further averred that the bowling alleys were securely nailed to the floor of said building in which they were located, and cannot be taken out of said building without very substantial damage to the building and to the alleys; that, as purchasers of the real estate "to which the bowling alleys were affixed," the plaintiffs, Joseph A. Baldwin and his wife, are entitled to redeem said lease by payment of the amount due thereunder by Geddes, and that to that end and for that purpose the plaintiffs offered the defendant the sum of $160.00, with interest thereon from February 25th, 1910, and the costs in the suit in trover for the conversion of said bowling alleys, instituted by the appellee against the appellants in the Court of Common Pleas of Baltimore City.

The prayer of the bill is that the plaintiffs be allowed to redeem the lease from the Brunswick-Balke-Collender Company to Geddes, upon payment to the defendant of the sum of $160.00, with interest from the 25th day of February, 1910, and the costs in the suit of the defendant against the plaintiffs for the conversion of said alleys, and that upon the payment of said sum the defendant be required to execute to the plaintiffs a bill of sale for said alleys, and that the defendant, his agents, etc., be enjoined from prosecuting said action of trover against the appellants, and for general relief.

Counsel for the appellants earnestly contend that, but for the effect of the agreement between Geddes and the Brunswick-Balke-Collender Company, the bowling alleys became a part of the building in which they were located, and were subject to the lien of the mortgage in favor of Lucretia C.

Manning. If this is so then the appellants, Joseph A. Bald-win and his wife, acquired title to them by virtue of the sale under said mortgage, and the deed to the purchaser and the deed to said appellants unless, by reason of said contract, the bowling alleys retain their character of personal prop-erty, in which event they did not pass by the mortgage sale as part of the real estate.

It is stated in 19 Cyc. 1048: "By agreement between the owner of personal property and the owner of realty, made before annexation, the personal property may be made to retain its status after annexation, or an enforceable right to remove it may be conferred upon the former owner of the personal property." And in the case of *Walker* v. *Schindel,* 58 Md. 360, where fixtures were purchased by Schindel and placed in a building owned by his partner under a contract in which it was stipulated that the fixtures should remain the separate and individual property of Schindel, and where the mortgagee of the owner of the building, at the time he took the mortgage, and the purchaser, at the time he pur-chased the building, knew of the terms of said contract, CHIEF JUDGE BARTOL said: "It is well settled that the rule of the common law by which, 'whatever is affixed, or annexed to the soil or freehold becomes a part of it, and cannot be removed except by him who is entitled to the inheritance,' may be modified or changed by the agreement of the parties express or implied. And where, as in this case there was an express agreement that the articles, or fixtures, so affixed, should remain the property of the party by whom they were purchased and placed in the building, there can be no doubt or question that the agreement is valid, and that the articles will be treated as personalty. Many cases might be cited in support of this proposition. We refer only to *Curtis* v. *Riddle,* 7 Allen, 185; *Taft* v. *Stetson,* 117 Mass. 471; *Shel-don* v. *Edwards,* 35 N. Y. 279; *Tifft* v. *Horton,* 53 N. Y. R. 377, and *The N. C. R. R. Co.* v. *Canton Co.,* 30 Md. 347, and cases there cited."

How far such agreements between the owner of personal
property and the owner of real estate may be effective against
the mortgagee in a prior mortgage of the real estate, or
against a subsequent mortgagee or purchaser of the real
estate without notice of the terms of the agreement, we are
not called upon to determine in this case, for if, notwith-
standing the lease from the Brunswick-Balke-Collender Com-
pany to Geddes, the bowling alleys became part of the real
estate and subject to the lien of the prior mortgage, and the
appellants, Joseph A. Baldwin and his wife, acquired title
to them by the sale and deed made in pursuance of the terms
of said mortgage, and the deed to them, there is no occasion
for the relief prayed in the bill.   The title of the appellants
so acquired would not be subject to the claim of the appellee,
and their deed would be a complete answer to the action of
trover against them.   In other words, under the averments
of the bill, if Joseph A. Baldwin and his wife acquired any
title at all to the bowling alleys it was because, as between
the appellee and said appellants, they were a part of the
real estate, and passed to them under said mortgage sale and
subsequent deeds.

On the other hand, if the Brunswick-Balke-Collender Com-
pany did not part with the title to the bowling alleys, and
they did not become a part of the real estate, but retained
their character of personal property, then the appellants,
Joseph A. Baldwin and his wife, did not acquire any title
to them by the sale under the prior mortgage or the deeds
to and from Jay F. Tower and wife, or any interest in
them that would entitle said appellants to redeem the lease
or to an injunction restraining the prosecution of the suit
for their illegal conversion.   The mortgage from Geddes and
wife to Lucretia C. Manning embraced only the real estate
described therein, and the deeds from Manning to Tower, and
from Tower to the appellants, Baldwin and wife, did not
include anything except the real estate referred to in said
mortgage.   Even if the lease from the Brunswick-Balke-
Collender Company to Geddes be treated as a mortgage, the

appellants would have no right to redeem it unless they had
an interest in the property covered by the lease. *McNiece*
v. *Eliason,* 78 Md. 168; *Kent Building Co.* v. *Middleton,*
112 Md. 10.

It follows from what has been said that if the appellants
acquired title to the bowling alleys in question it was because
they were a part of the real estate embraced in said mortgage
and passed as such by the mortgage sale and subsequent
deeds, and their title is not subject to the claim of the appel-
lee, and that if the alleys were not part of the real estate,
but, by reason of the lease or agreement between the vendor
and Geddes, retained their character of personal property, the
said appellants did not acquire any title to them at all. In
either case the appellants would not be entitled to the relief
sought, and the decree of the Court below dismissing the
bill of complaint must be affirmed.

*Decree affirmed, with costs.*