CAROLYN A. THORNDIKE, petitioner.

Suffolk.   March 5, 1923. — March 27, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions. *Rules of Court.*

A petition to establish exceptions is sufficiently "verified by affidavit" within the requirements of Rule 6 of this court if it is signed by the petitioner and contains the jurat of an authorized magistrate that the petition has been subscribed and sworn to before him.

If, in proceedings to establish exceptions under Rule 6 of this court, the petitioner after the giving of the notice and the filing of the petition in accordance with the rule, and after the expiration of the twenty days limited for the filing of the petition, files a separate affidavit that notice of the petition was given by the petitioner "to the adverse party by delivering a copy thereof to him or his attorney of record" before filing the petition, it is a sufficient compliance with that rule.

Proceedings under G. L. c. 231, § 117, and Rule 6 of this court to establish the truth of exceptions are *strictissimi juris,* and before a petition for that purpose can be considered there must have been precise compliance with every requirement of the statute and the rule.

The signature of the petitioner and his verification by affidavit are an essential part of a petition under G. L. c. 231, § 117, and Rule 6 of this court to establish the truth of exceptions, and, if they are omitted from the copy of such a petition delivered by the petitioner to the adverse party, the petition will be dismissed.

PETITION, filed in this court on February 16, 1923, under G. L. c. 231, § 117, by the plaintiff in the action of Carolyn A. Thorndike *v.* William G. Rantoul, which twice was tried in the Superior Court, the first trial having been before *Keating*, J., and the second trial before *Callahan*, J., to establish the truth of certain exceptions alleged by the plaintiff at the second trial.

On March 5, 1923, the respondent, who was the defendant in the action above named, filed a motion that the plaintiff's petition be dismissed for failure to comply with Rule 6 of this court and also because the bill of exceptions disclosed no error of law committed by the trial judge and because the bill was incoherent and unintelligible. On the same day the respondent filed also an affidavit by his counsel setting forth certain details in which the original petition differed from the copy delivered to the respondent, among others that the jurat was omitted from the copy. On March 7, the petitioner filed an affidavit in substance that on February 16, 1923, she gave notice of the petition to the respondent by delivering into the hands of his attorney of record, before she filed the petition with the clerk of this court, a true copy of the petition, verified by affidavit, and that the petition set out allegations according to and in full compliance with provisions of the General Laws and of this court. On March 7 the petitioner also filed a motion to amend the petition by adding the affidavit above described.

The petition to establish exceptions was signed by the petitioner and was verified by her affidavit. The copy of the petition which was delivered to the attorney for the respondent omitted the petitioner's signature and verification.

Rule 6 of this court is as follows: "Whenever a party seeks to establish before this court the truth of any allegations in a bill of exceptions, which a judge has refused to allow and sign, he shall, within twenty days after notice of such refusal, file his petition, verified by affidavit, setting forth in full said allegations, and all facts material thereto, in the court in which the exceptions would by law have been entered, if duly signed and allowed; and shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record. And no party shall be allowed to establish the truth

of any such allegations in this court, if he has failed to comply with the requisitions herein prescribed."

R. J. White, for the petitioner.

R. Spring & S. L. Beals, for the respondent.

RUGG, C. J. This is a petition to establish exceptions. Motion to dismiss the petition has been made alleging various grounds.

1. The petition is sufficiently "verified by affidavit," as required by Rule 6 of the full court rules. The signature of the petitioner, together with the jurat of an authorized magistrate that the petition has been subscribed and sworn to before him, has been held to be compliance with the rule. *Rowse, petitioner,* 195 Mass. 216, 218.

2. It is customary that the affidavit filed with the petition should contain verification of the fact that the petitioner before filing the petition gave "notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record." That, however, is not absolutely required by the rule. Separate affidavit that such notice was given is sufficient although filed after the expiration of the twenty days limited for the petition itself.

3. Comparison of the petition filed in this court with the alleged copy handed to the attorney of the adverse party shows that there was omitted from the latter copy of the signature of the petitioner and of the verification by affidavit which appear in the former. The petition must be signed. A paper containing sufficient allegations is lifeless until signed. It is required by Rule 6 that the petition must be "verified by affidavit." Such verification is an essential part of the petition. Without it a petition would have to be dismissed. *Tufts* v. *Newton,* 117 Mass. 68. *Fuller, petitioner,* 219 Mass. 209.

Proceedings to establish the truth of exceptions are *strictissimi juris.* There must be precise compliance with every requirement of the statute and the rule before a petition to establish exceptions can be considered. *Bishop, petitioner,* 208 Mass. 405. *Freedman, petitioner,* 222 Mass. 179. *John Henry Co. petitioner,* 222 Mass. 182. *Moneyweight Scale Co. petitioner,* 225 Mass. 473, 477. The adversary party is entitled to know from examination of the copy delivered to him that the petitioner is willing to take the responsibility of signing the petition and verifying

by oath the truths of its allegations, before he is called upon
to defend.

It follows that, since the paper, purporting to be a copy of the
present petition which was delivered to the attorney of record
of 'the adverse party, omitted essential parts of the petition as
filed in this court, the entry must be

*Petition dismissed.*