### CAROLYN A. THORNDIKE, petitioner.

Suffolk.    March 2, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: petition to establish.

Where one seeking the allowance of a bill of exceptions is present when the judge disallows the bill, a petition by him for the establishment of his exceptions is not filed in accordance with the requirements of rule 6 of the Rules for the Regulation of Practice before the Full Court unless it is filed in the office of the clerk of this court within twenty days from the date of its disallowance.

At the hearing by this court of a petition for the establishment of exceptions alleged to have been saved at a trial in the Superior Court, it appeared that on the twentieth day after notice of the disallowance of the exceptions in the Superior Court, January 26, the petitioner came into the office of the clerk of this court, and was assisted in fastening together loose sheets of paper which constituted the petition or a part of it, and then handed the petition with the papers to an employee in the office without payment of an entry fee and without saying anything about filing them; that he then left the office before the attention of the clerk could be called to this matter, although the clerk was in an adjoining room; that no indorsement was made on the papers at that time by the clerk or by anyone connected with his office, and no docket entry concerning them was made; that a letter was sent to the petitioner at once by special delivery, stating that an entry fee was required and that the petition would be given a number and entered when an entry fee was paid; and that on January 31 he paid the clerk the entry fee and that then, under that date, for the first time a record of filing was indorsed on the petition. *Held*, that

(1) The clerk did not receive the petition for filing until the entry fee was paid; distinguishing *Clemens Electrical Manuf. Co.* v. *Walton*, 168 Mass. 304;

(2) The clerk could not be compelled to accept a petition for filing until the petitioner had done all that the law required, including the payment of the fee;

(3) The petition was not filed within the time required by rule 6 of the Rules for the Regulation of Practice before the Full Court.

PETITION, filed in the Supreme Judicial Court on January 31, 1925, by the plaintiff in the action of Carolyn A. Thorndike *vs.* William G. Rantoul, for the establishment of exceptions alleged to have been saved by her to rulings at the trial of that action before *Callahan*, J., in the Superior Court.

*R. Spring*, for the respondent.

*C. A. Thorndike, pro se.*

RUGG, C.J. This is a petition for the establishment of exceptions. The respondent has moved to dismiss the petition on several grounds, one being that the petition was not seasonably filed.

It is alleged in the petition that on January 6, 1925, the petitioner was present at a hearing before the judge of the Superior Court when her exceptions were disallowed by the judge, order of his disallowance being entered on the docket on the same day and notice sent to her. Being present when the exceptions were disallowed, that was notice to her. It is provided by rule 6 of the Rules for the Regulation of Practice

before the Full Court that a petition for the establishment of exceptions disallowed by a judge shall be filed within twenty days after notice of such disallowance. On the allegations of the petition the time limited expired on January 26, 1925. The facts upon this point are that, on January 26, 1925, at about four o'clock in the afternoon, this being the twentieth day after such notice, the petitioner came into the office of the clerk of the Supreme Judicial Court for the Commonwealth, was assisted about fastening together loose sheets of paper which constituted the petition or a part of it, and then handed the petition with the papers to an employee in the office without payment of an entry fee and without saying anything about filing them. She left the office before the attention of the clerk could be called to this matter, although he was in an adjoining room. No indorsement was made on the papers at that time by the clerk or by anyone connected with his office, and no docket entry concerning them was made. A letter was sent to the petitioner at once by special delivery, stating that an entry fee was required and that the petition would be given a number and entered when an entry fee was paid. The petitioner came to the clerk's office on the afternoon of the next day, said she had not received the letter and was not then prepared to pay the entry fee. On January 31, 1925, she paid to the clerk the entry fee. This was twenty-five days after the notice. Then, under that date, for the first time a filing was indorsed on the petition. These facts are shown by a certificate of the clerk. They are not open to dispute. No attempt was made to controvert them at the hearing before us.

The clerk did not enter the petition on the records of the court until January 31, 1925. It is required by G. L. c. 262, § 4, that an entry fee of $3 shall be paid to the clerk by the party entering a petition like the present. The clerk was not required to receive the petition for filing until the entry fee was paid. It is manifest that the clerk did not receive the petition for filing until the entry fee was paid. He did not enter it on the records of the court until then. He did not follow the course pursued in *Clemens Electrical*

*Manuf. Co.* v. *Walton*, 168 Mass. 304, where the desire of the person presenting the petition to file and enter the petition immediately was explained to the person in charge of the clerk's office and where there was immediately stamped on the petition within the twenty days the words "filed and entered" followed by the name of the clerk, and the fee was paid immediately upon demand two days later. No discussion is required to distinguish that decision. The petition in the case at bar was left in the involuntary custody of the clerk on the twentieth day. He did nothing to recognize it as a part of the records of the court. There was no entry on the docket. No filing mark was indorsed on it. To the present case the words of *Burlingame* v. *Bartlett*, 161 Mass. 593, 595, are applicable: "The need of such an entry on the clerk's docket of the Supreme Judicial Court for the Commonwealth, when the appeal is to that court, is apparent." It is not necessary to consider what effect, if any, a failure of the clerk to make the proper entry or record would have, provided the petition had been filed seasonably and the entry fee paid or tendered, because both were not done. The clerk cannot be compelled to accept a petition for filing until a petitioner has done all that the law requires, including the payment of the fee. The case at bar, although the converse of *Littlejohn* v. *Littlejohn*, 236 Mass. 326, is governed by the same principle. In that case, the entry fee was paid but the required papers were not filed, and it was held that the case was not entered in this court. One is as essential as the other in order that the case can be pending in this court. It follows that the petition was not filed within the time required by the rule. *Old Colony Street Railway* v. *Thomas*, 205 Mass. 529, 536, 537. *Cheney* v. *Assessors of Dover*, 205 Mass. 501. *Gorski's Case*, 227 Mass. 456, 460. *Tuttle* v. *Boston*, 215 Mass. 57. *Chapin* v. *Kingsbury*, 135 Mass. 580. The case at bar is distinguishable from *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292, where the word "file" was used in a different sense. It becomes unnecessary to consider other grounds for dismissal.

*Petition dismissed.*