CAROLYN A. THORNDIKE, petitioner.

Suffolk.     November 30, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Exceptions.

A petition to establish the truth of exceptions which, with accompanying papers, was exceedingly verbose and contained much irrelevant matter was not dismissed on that ground but was considered on its merits, although *it was stated* that such action by the court was not to be regarded as a precedent.

A party against whom a verdict has been entered in an action at law cannot keep the action alive, after the expiration of the twenty days for the filing of a petition to establish exceptions allowed by Rule 6 of the Rules for the Regulation of Practice before the Full Court, by filing a subsequent motion and alleging other exceptions.

A revocation by a judge of the Superior Court of an order, allowing a bill of exceptions which should not have been allowed, does no legal harm.

It would be vain to consider a petition to establish the truth of a bill setting forth exceptions arising upon a revocation of an allowance of a bill of exceptions utterly lacking in vitality and incapable of resuscitation.

A judge of the Superior Court has power in appropriate instances to revoke his allowance of exceptions before they have been entered in this court.

PETITIONS, filed in the Supreme Judicial Court on April 25 and October 6, 1925, seeking the establishment of exceptions alleged to have been saved in litigation in which the petitioner was plaintiff and one William G. Rantoul was defendant.

*C. A. Thorndike, pro se.*

*R. Spring,* for the respondent.

RUGG, C.J.    These are two petitions to establish the truth of exceptions alleged to have been saved respecting proceedings in an action at law wherein the petitioner was plaintiff and William G. Rantoul defendant.

The petitions with accompanying papers are exceedingly verbose and contain much irrelevant matter. The question whether on that ground they ought to be dismissed is not considered. See *Isenbeck* v. *Burroughs*, 217 Mass. 537; *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144; *Romana* v. *Boston Elevated Railway*, 218 Mass. 76, 81; *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 537. The petitions are considered on their merits notwithstanding these defects, but this is not to be regarded as a precedent.

Before stating the substance of these petitions and in order to understand the legal situation respecting them, the history of that action is pertinent so far as revealed by decisions of this court.

The first trial of the case to a jury resulted in a mistrial. The allegation of the petitioner is that there was a verdict in her favor and that the verdict was set aside. No question of law respecting that trial came to this court. There was a second jury trial, wherein a verdict was rendered for the defendant. The petitioner on February 16, 1923, filed a petition to establish exceptions alleged to have been saved by her at that trial. That petition was dismissed on March 27, 1923. The decision is reported in 244 Mass. 429. That ended the litigation touching all questions of law raised or alleged to have been raised up to that time.

On January 31, 1925, the petitioner filed in this court a petition to establish exceptions alleged to have been saved by her in the same action respecting a motion for a new trial. The allegations of that petition in brief were that, after the dismissal of the earlier petition to establish exceptions, a motion for a new trial on a question of law was filed; that that motion was denied and to that denial she excepted and seasonably on June 16, 1923, filed a bill of exceptions; that said bill of exceptions was allowed on June 22, 1923; that said allowance was revoked on November 24, 1923, the exceptions not then having been entered in this court, and time

for the allowance of said exceptions was extended in order
to enable the "petitioner to file an amended or substitute
bill"; that the petitioner excepted to such revocation and
filed bill of exceptions on this point on December 14, 1923;
that with respect to this last bill of exceptions the entry was
made on the docket of the Superior Court on June 3, 1924,
"Dismissal of said bill of exceptions filed December 14, 1923,
to the revocation on November 24, 1923, of the allowance
on June 22, 1923, of plaintiff's bill of exceptions filed June
16, 1923, the said entry being under said Rule 53" of the
Superior Court; that two motions having been filed in the
meantime to correct docket entries, the court overruled the
two motions to correct docket entries and disallowed said
bill of exceptions.    Apparently the .prayer of that petition
and the statement of grievances relate to the bill of excep-
tions filed June 16, 1923, allowed June 22, 1923, the allowance
of which was revoked on November 24, 1924, and finally
disallowed on January 6, 1925.    That petition to establish
exceptions was · dismissed on April 17, 1925.    *Thorndike,
petitioner*, 252 Mass. 154, where the reasons are stated.

The first of the present petitions was · filed on April 25,
1925.    It recites in the main the facts set forth in the petition
to establish the truth of exceptions filed on January 31, 1925,
and dealt with in 252 Mass. 154.    It further specifies the
denial of the two motions to correct docket entries and the
reasons therefor, and the denial of the petitioner's motion
to amend her bill of exceptions and the disallowance of her
bill of exceptions filed and allowed in June, 1923, (the allow-
ance of which had been revoked on November 24, 1923).
This present petition, although alleging that the actions of
the judge by which she is aggrieved took place on January 6,
1925, (as did the petition filed on January 31, 1925), further
alleges that she filed "an appeal to said order overruling
docket entries, all according to law, and a statement and a
bill of exceptions thereto, having caused the time for filing
exceptions to be extended to and including February 3, 1925,
in the usual way, and according to law," and that she "filed
a motion to amend said bill of exceptions within the time so
extended."    The grievance alleged in this petition is that

the judge did not pass upon and either allow or disallow said exceptions within the three months fixed under Rule 53 of the Superior Court (1923). That three months period from the context appears to have begun not later than February 3, 1925.

On October 6, 1925, the petitioner filed the second of the two present pending petitions. This second petition contains the same historical recitals concerning the litigation as the one filed January 31, 1925, and the one filed on April 25, 1925. It further specifies as to the exceptions filed on December 14, 1923 (to the revocation made on November 24, 1923, of the allowance on June 22, 1923, of her exceptions), that the time for hearing on same was duly extended until June 1, 1924, and that because on that date a docket entry of dismissal had been made respecting said exceptions, the judge wrongly refused to consider said bill of exceptions and amendments thereto and substitutes therefor, and refused to correct said docket entry, with allegations as to other rulings and matters touching the same.

The grievances of the petitioner as set forth in each of these petitions, as well as in the one described in 252 Mass. 154, relate to the denial of her motion for a new trial and matters connected therewith.

If she was harmed by any rulings of law made on her motion for a new trial not susceptible of being raised at the original trial, she had a right to reduce those exceptions "to writing in a summary manner" and file them within the time allowed by law. G. L. c. 231, § 113. Nevertheless, it is true that under our practice it is rarely that as matter of right any question of law can be raised on a motion for a new trial. The disposition of such motions commonly rests in sound judicial discretion. *Loveland* v. *Rand*, 200 Mass. 142. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 32, 33. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38, 39, and cases there collected. When the judge on November 24, 1923, revoked his allowance of the exceptions taken respecting the motion for a new trial, he did not then disallow the original bill of exceptions filed in June, 1923. But it is alleged in each of the present petitions that such disallowance

was made on January 6, 1925. The same allegation is in the petition of January 31, 1925. Manifestly the rights of the petitioner as to all matters connected with the disallowance of the exceptions filed on June 16, 1923, accrued on January 6, 1925, when they were finally disallowed. No petition to establish the truth of those exceptions can be entertained unless filed within twenty days after notice of the disallowance of the exceptions. Rule 6 of Rules for the Regulation of Practice before the Full Court. G. L. c. 231, § 117. That time had expired long before either of the present petitions was filed. A party cannot by filing subsequent motions and alleging other exceptions keep alive a case after the expiration of those twenty days. Otherwise, there could be no end to a litigation. *Thorndike, petitioner,* 250 Mass. 408. *Barnett, petitioner,* 240 Mass. 228. *Weymouth, petitioner,* 251 Mass. 359. *Boston Bar Association* v. *Casey,* 227 Mass. 46. It follows that all proceedings in the Superior Court touching this bill of exceptions filed June 16, 1923, and finally disallowed on January 6, 1925, subsequent to twenty days thereafter, are void and of no effect.

The bill of exceptions alleged to have been filed on December 14, 1923, to the revocation on November 24, 1923, of the allowance on June 22, 1923, of the bill of exceptions filed on June 16, 1923, touching the denial of the motion for new trial, remains to be considered.

It is not necessary to decide whether exception lies to such judicial action, or whether the entire remedy is not by petition to establish exceptions. If a judge allows a bill of exceptions, which cannot be established on a petition to establish exceptions under G. L. c. 231, § 117, his revocation of such allowance cannot do legal harm. The allowance of a bill of exceptions which ought not to have been allowed cannot put life into questions of law which did not exist. *Herrick* v. *Waitt,* 224 Mass. 415, 417. *Martin's Case,* 231 Mass. 402, 403.

It is apparent from what already has been said that the petitioner has failed to establish the truth of exceptions filed on June 16, 1923. That is obvious from the case in 252 Mass. 154, as well as in the first case here considered.

That bill of exceptions is dead and cannot be restored to life. It was finally disallowed on January 6, 1925. It would be vain to consider a petition to establish the truth of a subsidiary bill of exceptions arising upon a revocation of an allowance of a bill of exceptions now utterly lacking in vitality and incapable of resuscitation. There are statements in the petition tending to indicate that the judge may have attempted to keep alive or treated as still pending that bill of exceptions. But that could not as matter of law be done after the bill of exceptions was finally disallowed on January 6, 1925. *Riley* v. *Brusendorff,* 226 Mass. 310, 313. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51.

It may be added that the power of the judge of the Superior Court in appropriate instances to revoke his allowance of exceptions before they have been entered in this court would seem to be established. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33, and cases there cited. *Ayer* v. *Commissioners on Height of Buildings in Boston,* 242 Mass. 30, 35. *Goulis* v. *Judge of Third District Court of Eastern Middlesex,* 246 Mass. 1, 8. *Clark* v. *McNeil,* 246 Mass. 250, 257. *Twin Falls Salmon River Land & Water Co.* v. *Caldwell,* 266 U. S. 85.

Let the entry in each case be

*Petition dismissed.*