CAROLYN A. THORNDIKE, petitioner.

Suffolk.    October 18, 1926. — November 11, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, New trial, Discretionary power of court as to its own records.

A petition for the establishment of exceptions, to which is not attached a copy of the bill of exceptions alleged to have been disallowed and sought to be established, cannot be considered by this court.

Questions of law relating to rulings by a judge of the Superior Court upon the presentation to and disallowance by him of a bill alleged to set forth exceptions saved at a trial of an action before him, can be raised in this court only by a petition for the establishment of those exceptions presented in due form; and after a petition to establish such exceptions has been denied by this court, no further petition to establish them will be entertained.

If a motion for a new trial sets forth no ground for a new trial, a petition for the establishment of exceptions alleged at the hearing of the motion will be dismissed.

The Superior Court has power to protect its records from irrelevant, unimportant or superfluous papers and to take rational steps to end litigation; and, in an action in which a final judgment has been reached in circumstances which show no ground for further proceedings, an order by that court that "no more papers be received and filed in said case, unless the court shall so order," shows no error.

Where the allegations of a petition for the establishment of exceptions to rulings by a judge of the Superior Court discloses that the rulings by the judge were within his discretion, were not an abuse of that discretion and were not harmful to the petitioner, the petition will be dismissed.

THREE PETITIONS, filed in this court respectively on March 15, March 24, and June 2, 1926, to establish exceptions alleged to have been saved by the plaintiff in an action of Thorndike *v.* Rantoul.

*C. A. Thorndike, pro se.*          .

RUGG, C.J.    These are three separate petitions to establish the truth of exceptions.    They all relate to the same original case, which hitherto has been before this court on four petitions to establish exceptions, two reported respectively in 244 Mass. 429; 252 Mass. 154, and two reported in

254 Mass. 256, and on another such petition dismissed on January 30, 1926, without opinion on the authority of 254 Mass. 256. Thus five such petitions after verdict have already been passed upon in a single case.

No copy of the alleged bill of exceptions is attached to the first one of the present petitions filed on March 15, 1926. Exceptions, not presented to this court in the form in which they were originally filed, manifestly cannot be established. Hence that petition presents no question and cannot be considered. *Ryder* v. *Jenkins*, 163 Mass. 536.

The second of the present petitions was filed on March 24, 1926. It contains what purports to be a recital of previous proceedings. It refers to a motion for a new trial filed on September 14, 1925, and to "a motion for a hearing thereon" raising a question of law, and to a motion for a new trial filed on January 4, 1926. No copies of such motions are annexed and nothing touching them is presented in this petition. The petition also refers to and sets forth "a motion for a new trial on a question of law," filed on January 29, 1926. That motion relates wholly to alleged errors committed by the judge who presided over the last trial by jury (stated in the petition to have ended on the tenth of November, 1922,) in connection with the bill of exceptions filed as to that trial. Petition to establish those exceptions was dismissed on March 27, 1923. 244 Mass. 429. Manifestly such questions cannot now be raised in this way. Whatever errors were committed by the presiding judge with respect to those exceptions could have been raised and remedied in the petition to establish those exceptions, and in that way only. Questions of law as ground for setting aside a verdict and granting a new trial mean questions of law in connection with the trial to the jury or to the court and not questions touching the allowance and establishment of exceptions saved at that trial. All such questions and errors were extinguished in every legal sense when the petition to establish those exceptions was dismissed.

That motion, filed on January 29, 1926, set out no ground for a new trial. The last trial by jury may have been entirely free from error, even if all the allegations of that

motion for a new trial be assumed to be true. In these circumstances the plaintiff suffered no injury from any alleged rulings or directions concerning that motion.

The bill of exceptions sought to be established by this petition filed on March 24, 1926, was filed by the petitioner on February 27, 1926. It was returned to the petitioner, according to the allegations of the petition, with certain of her motions, by order of the court, on March 4, 1926, with the statement that, by order of the court, "no more papers be received and filed in said case, unless the court shall so order." That order presents no error in the circumstances here disclosed. "The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties," or of one of them. *Exporters of Manufacturers' Products, Inc.* v. *Butterworth-Judson Co.* 258 U. S. 365, 369. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 48, 49. *Thorndike, petitioner,* 250 Mass. 408. *Thorndike, petitioner,* 254 Mass. 256. The court has power to protect its records from irrelevant, unimportant or superfluous papers and to take rational steps to end litigation. This order was directed to that end and was warranted.

The third of the present petitions was filed on June 2, 1926. It contains numerous allegations respecting the motion for a new trial filed on January 29, 1926, in substitution for earlier motions filed in the same month. These need not be considered because that motion has been settled by what has already been said touching the second of the present petitions. It may be added that it here is alleged that said motion of January 29, 1926, was ordered heard before the judge who presided over the last jury trial, on June 2, 1926. In this there was no error. *Reno* v. *Cotter,* 236 Mass. 556, 560, 561. There is nothing in the rules of the Superior Court to the contrary. Further allegations are that the petitioner declined to go on at that time because she had not received sufficient notice and was not prepared and wanted a later date. This presents no error of law. Time for hearing of this motion, *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16, and its disposition, *Loveland* v. *Rand,*

200 Mass. 142, 146, rested in the sound judicial discretion of the trial magistrate. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 37–39.

Another allegation in this petition is to the effect that, "On September 14, 1925, petitioner filed a motion for a new trial on newly discovered evidence, duly requesting a hearing thereon, and the same was denied by said court on October 6, 1925 without hearing, petitioner duly excepting." If this statement be taken as literally and exactly true, the petitioner is not entitled to relief because it is not alleged and does not appear that any bill of exceptions was filed within the statutory period of twenty days, or any extensions thereof, after October 6, 1925. G. L. c. 231, § 113. *Hack* v. *Nason*, 190 Mass. 346. Other parts of the petition indicate that this allegation is not accurate because it is averred that hearing of "pending matters" was on December 30, 1925, set down before the judge, who presided over the jury trial, for May, 1926, and by continuance for June 2, 1926. So far as is here alleged, this motion of September 14, 1925, for a new trial on the ground of newly discovered evidence was the only matter or at least one of the matters pending undisposed of on December 28, 29 or 30, 1925, and hence must have been thus set down for hearing, which could not well have been done if it already had been denied. However that may be, it is further alleged that "a hearing was had on June 2, 1926, on matters pending on December 28, 1926. [1925?] Said court denied plaintiff's request that her motions filed September 14, 1925, and to amend the same as aforesaid be allowed, although there was no opposition thereto." This denial constituted no error of law. The disposition of the motion for a new trial such as is here described rested wholly in the discretion of the trial judge. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–497. *Matter of Sleeper*, 251 Mass. 6, 22. For reasons already stated in considering the second petition, there was no harmful error in the refusal of another judge of the Superior Court to allow the statement of exceptions to be filed.

All the alleged exceptions of the petitioner have been examined. All her arguments have been considered. There

is no merit in any of them. Other reasons leading to the same result need not be discussed. The cases have been considered at large on their merits, but are not precedents that the petitions are in proper form.

*Petitions dismissed.*