CHARLES SIMMONS, petitioner to establish the truth of exceptions. October 28, 1943. Petition dismissed. And it is further ordered that the clerk make appropriate entries upon the docket of the Superior Court for said County of Bristol in the case of *Charles Simmons* vs. *Emma Lavertu* which is there pending. This is a petition of the plaintiff in the case of *Charles Simmons* vs. *Emma Lavertu* — tried in the Superior Court — to establish the truth of exceptions disallowed by the trial judge. G. L. (Ter. Ed.) c. 231, § 117. Rule 6 of the Rules of the Supreme Judicial Court for the Regulation of Practice before the Full Court (1926), 252 Mass. 585, 587. Rule 6 requires that a petition be "verified by affidavit" and notice be given to the adverse party "by delivering a copy thereof [that is, of the petition] to him [the adverse

party] or his attorney of record." This rule provides that "no party shall be allowed to establish the truth of any such allegations [that is, the allegations in the bill of exceptions] in this court, if he has failed to comply with the requisitions herein prescribed." Verification of the petition by affidavit is required. The jurat of an authorized magistrate that the petition has been sworn to before him is essential to such an affidavit. Comparison of the petition filed in this court with the alleged copy thereof sent to the adverse party shows no affidavit upon the copy such as appears upon the petition. Though the alleged copy contains a form for a jurat, it does not contain the name of any authorized magistrate and does not show that the petition was ever actually sworn to before such a magistrate. This was a material variance. The requirement of the rule that the petitioner "give notice thereof to the adverse party, by delivering a copy thereof [that is, of the petition] to him or his attorney" was not complied with. "Proceedings to establish the truth of exceptions are *strictissimi juris*. There must be precise compliance with every requirement of the statute and the rule before a petition to establish exceptions can be considered. . . . The adversary party is entitled to know from examination of the copy delivered to him that the petitioner is willing to take the responsibility of signing the petition and verifying by oath the truths of its allegations, before he is called upon to defend." *Thorndike, petitioner,* 244 Mass. 429, 431–432. Whether there was noncompliance with the statute or the rule in other particulars need not be considered. Nor need it be considered whether the bill of exceptions, if allowed, would present any substantial question worthy of judicial inquiry. *Lovell* v. *Lovell,* 276 Mass. 10, 11–12. The petition must be dismissed.

*J. Lipsitt,* for the petitioner.
*J. F. Francis,* for the respondent.