*Southern District*

## SHAUGHNESSY AND AHERN CO.

v.

## WILLIAM F. CONANT d/b/a
## BROOKLINE PRINT

*Cox, J.* This case presents a question of practice.

The action was one of contract. There was a finding for the plaintiff on February 12, 1952. On February 14, 1952 the plaintiff filed a motion for a new trial. On March 11, 1952, after hearing, the motion was denied. It does not appear what action the trial judge took on the plaintiff's unreported request for rulings which were before the judge and which the docket entries indicate related to the plaintiff's motion for a new trial. After its motion for a new trial was denied the plaintiff seasonably filed both a request for a report to the appellate division and a draft report. These documents are not reported.

Thereafter, the defendant filed a motion to dismiss the plaintiff's request for a report. When these matters came up for hearing it appeared that the name of the plaintiff's attorney was typewritten at the end of the plaintiff's request for a report but the actual signature of the plaintiff's attorney had not been affixed. The plaintiff then filed a motion for its attorney to be allowed to affix his signature to the request for a report effective as of the date the request for a report had been filed. The plaintiff's motion for permission to affix signatures was accompanied by a request for two rulings, the first, that the motion to affix signature "May be allowed as a matter of law," and the second, that the Rules of the District

Courts do not require a request for a report to be signed by the party or its attorney.

As to the defendant's motion to dismiss the plaintiff's request for a report and draft report, the trial judge made the following entry: "The Draft Report is disallowed since no *signed* request for a report was seasonably filed." As to the plaintiff's motion for permission to its attorney to affix his signature to the request for a report and its requests for rulings which related to its motion, the judge's action was as follows: "1. Not allowed. Rule 27, 3rd paragraph implies that the request must be signed, otherwise it is a nullity. *Thorndike, Ptr.* 244 Mass. 429. 2. Not allowed. Motion not allowed."

*The matter is reported because the plaintiff claims to be aggrieved by the refusal of the court to grant its requests numbered 1 and 2 and by the disallowance of its draft report for the reason that no signed request for a report was seasonably filed.*

The question for decision relates to the adequacy of the typewritten signature on the plaintiff's request for a report.

To protect its appellate rights after its motion for a new trial was denied it was necessary for the plaintiff to request a report to the appellate division. Rule 27 of the Rules of the District Courts (1940). This the plaintiff did but the name of its attorney appeared thereon only in typewritten form.

We perceive nothing in the Rules of the District Court which expressly requires a request for a report to be signed by a party or his attorney. Rule 27 requires requests for rulings of law to be signed by the party or his attorney but no such requirement appears in the rule relating to a request for report. Whether the requests which related to the plaintiff's motion were signed does not appear in the report. Rule 4 requires to be endorsed on papers filed in court "the name of the attorney filing the same." That rule no doubt is applicable. The name of the attorney did appear in typewritten form on the request for a report and in our opinion that would seem to be a

sufficient identification to constitute a strict compliance with Rule 4 and the pertinent appellate procedure, notwithstanding the plaintiff tried to overcome the doubt which arose by seeking on motion to have its attorney permitted to sign the request for a report.

In holding that Rule 27 implies that request for a report should have been signed, and that not having been signed was a nullity, the trial judge looked for his authority in *Thorndike,* Petr. 244 Mass. 249. That case was a petition to establish exceptions. A motion to dismiss the petition was allowed on the ground that a paper purporting to be a copy of the petition which was delivered to the attorney of record of the adverse party, omitted essential parts of the petition as filed in court. The copy, which the rule of court required to be delivered to the adverse party or his attorney of record, omitted the petitioner's signature and verification by affidavit. It was held that petitions to establish the truth of exceptions are *strictissimi juris* and that there must be precise compliance with every requirement of the statute and the rule before a petition to establish exceptions can be considered. There is no doubt that the appellate procedure in the district courts, to be availed of, must also be strictly complied with. *Murphy v. Barry,* 295 Mass. 94. *Famigletti v. Neviakas,* 324 Mass. 70. But we think the Thorndike case is to be distinguished and therefore not controlling. In the Thorndike case, there was clear omissions of the requirements of a rule of court. In the case at bar we think there was a strict and literal compliance with Rules 4 and 27. The name of the plaintiff's attorney did in fact appear on the request for a report even though in typewritten form. That, in our opinion, is compliance with Rule 4. See Fox v. Dexler, 242 Mass. 277, 282 where it was held that in the absence of a statute or regulation a license is not invalid because the signature of the commissioners was made by their duly authorized agent with a rubber stamp.

Although the granting of a motion for a new trial rests very largely in the discretion of the trial judge, see *Barry v. Keeler*, 322 Mass. 114, 124; *Forman v. Wolfson*, 321 Mass. 749; nevertheless there may be a situation where the denial of such a motion may be erroneous as matter of law. *Biggs v. Densmore*, 323 Mass. 106, 108, 109. We cannot undertake to say at this stage whether the judge was right or wrong in denying the motion because neither the evidence, the motion, the grounds for the motion or the requested rulings are reported. However, because in our opinion, the plaintiff's right of review was prejudiced by the disallowance of its draft report, the only vehicle available to it by which to test the correctness of the denial of its motion for a new trial, an order is to be entered vacating the disallowance of the plaintiff's draft report and the case is to stand for further proceedings in connection with the report on the denial of the plaintiff's motion for a new trial. See *Gallagher v. Atkins*, 305 Mass. 261, 262-264. *Murray v. Edes Manuf. Co.*, 305 Mass. 311.