*Southern District*

## MARINUCCI BROS. & CO. INC.
### v.
## DENNIS G. TRAYERS, ET AL

*Nash. P. J.* Contract by which the plaintiff seeks to recover $3,272.24 for work done and materials and equipment furnished by the plaintiff on land of the defendant. The defendant's answer is a general denial and recoupment based on the breach of a verbal contract. Requests for rulings were filed by both parties.

After trial, on January 3, 1952 notice was received of a finding by the trial judge entered on December 31, 1951.

On January 5, 1952 the clerk of the court received from the plaintiff a paper entitled "Plaintiff's Request for a Report" which read as follows:

"Now comes the plaintiff in the above entitled action and being aggrieved by the Findings and Rulings of the Trial Judge entered January 22, 1952, claims a Report to the Appellate Division."

It was unsigned but in typewriting appeared the following:

"Marinucci Bros. & Co. Inc.
By its Attorneys,
SULLIVAN and SULLIVAN
By:————————————"

The clerk did not enter this on his docket pending direction of the justice who heard the case because this request was not signed.

On January 11, 1952 the plaintiff filed with the clerk a draft report and copies thereof were mailed seasonably to the trial justice and defendant's attorney.

On January 15, 1952 the defendant filed a motion to dismiss plaintiff's draft report for non-compliance with Rules 27 and 28 of the District Court, which motion was allowed and the parties notified to this effect on April 5, 1952. On April 23, 1952 the plaintiff filed a motion to be allowed to "affix signature" to his request for a report and requests for rulings of law as follows:

"1. The Plaintiff's Motion to affix its signature, or that of its attorneys, to the "Plaintiff's Request for a Report" to the Appellate Division may be allowed as a matter of law.

2. The Rules of the District Court ($27) do not require a Request for a Report to the Appellate Division to be signed by a party or his attorney.

3. The Plaintiff's Request For A Report filed January 5, 1952 requires the Clerk to docket same with the files of the case whether signed or not by the party, or his attorney."

The first question presented is whether or not it is necessary to affix a signature to a request for a report properly filed. We are of the opinion that the rules of the District Courts (1940) do not require such a signature. Rule 4 requires that the name of the Plaintiff and the defendant and the attorney filing it shall be endorsed upon each motion, pleading or other paper. The name of the plaintiff and the plaintiff's attorney were endorsed upon the request for a report in the instant case, and that is

all the rule requires. See Shaughnessy and Ahern Co. v. William F. Conant d/b/a Brookline Print, 5 Mass. App. Dec. 92.

The trial justice was in error in requiring the request for a report to be signed but the error is not prejudicial to the plaintiff because the request for the report did not comply with the provisions of Rule 27 of the District Courts (1940), and such failure is fatal to the plaintiff's case.

Rule 27 of the District Courts (1940) provides in part that:

> "The written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification. Such request for a report shall be filed with the clerk within five days after notice of the finding or decision . . .".

The plaintiff's request for report was in the following language:

> "Now comes the plaintiff in the above entitled action and being aggrieved by the Findings and Rulings of the Trial Judge entered January 22, 1952, claims a Report to the Appellate Division."

Though the request for a report was filed within the time prescribed by the rule it plainly is not in compliance with it. *Stafford v. Commonwealth, 263 Mass. 240, 242; Rollins v. Perry, 284 Mass. 488, 489; Almeida v. Alsdorf, 291 Mass. 115, 116.* The report is ordered dismissed.