DARIUS HADLEY & another *vs.* JEREMIAH WATSON.

Middlesex.    November 9. — 10, 1886.    HOLMES & GARDNER, JJ., absent.

Under the 30th rule of this court, which requires a petition to establish the truth of exceptions disallowed by the judge presiding at the trial to be "verified by affidavit," an affidavit that the statements contained in the petition are true to the best of the knowledge, information, and belief of the affiant, is insufficient.

PETITION to establish the truth of exceptions alleged by Darius Hadley and Margaret Andrews in an action brought against them by Jeremiah Watson, and disallowed by *Mason*, J., who presided at the trial in the Superior Court. The petition was verified by the following affidavit, "subscribed and sworn to," before a justice of the peace, by the persons named therein:

"We, Darius Hadley and Margaret Andrews, the persons named in the foregoing petition, on oath say, that the statements contained in the foregoing petition are true to the best of our knowledge, information, and belief."

*B. F. Briggs*, for the petitioners.

No counsel appeared for the respondent.

MORTON, C. J. The 30th rule of this court requires that a petition to prove exceptions shall be "verified by affidavit." The affidavit in this case is insufficient. The affiants do not take the responsibility of stating that the facts are true. They do not state that they know or recollect any of the facts. They

could not be indicted for perjury if it appeared that their only information was mere hearsay. Any person acting upon such information, however untrustworthy, could take such an oath without incurring any responsibility.

The right to prove exceptions has always been regarded as *strictissimi juris*. The purpose of a petition to prove exceptions is to contradict and control the statement of a judge made under his oath of office and his official responsibility. It is fit that, before this court entertains such a petition, some person with a knowledge of the facts should make oath to their truth. This was the purpose and meaning of the 30th rule. As the petitioners have not complied with the rule, their petition must be dismissed. *Tufts* v. *Newton*, 117 Mass. 68.

*Petition dismissed.*