Samuel A. Fuller, petitioner.

Middlesex.   November 17, 1914. — November 19, 1914.

Present: Rugg, C. J., Braley, De Courcy, & Crosby, JJ.

*Practice, Civil,* Exceptions.  *Rules of Court.*

Under Rule 6 of this court, every averment in a petition to establish the truth of exceptions must be verified by affidavit, and, if after such a petition has been verified by an affidavit the petitioner amends it by inserting additional averments which are made a part of the petition, and no new affidavit is made, the petition must be dismissed, because a part of it never has been verified by affidavit as required by the rule.

PETITION, filed in this court on November 9, 1914, under R. L. c. 173, § 110, by the defendant in the case of James C. McLellan *v.* Samuel A. Fuller, which was tried in the Superior Court before *McLaughlin, J.,* to establish the truth of certain exceptions alleged by such defendant.

On November 12, 1914, the respondent, who was the plaintiff in the case named above, filed in this court a motion that the petition be dismissed for failure to comply with the requirements of Rule 6 of this court.

That rule is as follows:

"Whenever a party seeks to establish before this court the

truth of any allegations in a bill of exceptions, which a judge has refused to allow and sign, he shall, within twenty days after notice of such refusal, file his petition, verified by affidavit, setting forth in full said allegations, and all facts material thereto, in the court in which the exceptions would by law have been entered, if duly signed and allowed; and shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record. And no party shall be allowed to establish the truth of any such allegations in this court, if he has failed to comply with the requisitions herein prescribed."

*S. A. Fuller, pro se.*

*R. W. Gloag,* for the respondent.

RUGG, C. J. This is a petition to establish the truth of exceptions disallowed by the presiding judge. These facts are admitted: The petitioner prepared his petition in accordance with the statute and verified it by affidavit. Thereafter he added to it an averment as to the date on which notice of the disallowance of his exceptions was received by him, and an averment that within twenty days thereafter he filed the present petition after giving notice of the filing to counsel for the other party. After doing this, he made no supplemental or new affidavit. It is not necessary to determine whether these additional averments were necessary in view of other facts stated in the petition. They were inserted in and made a part of the petition after the affidavit was made and before it was filed. Hence, a part of the petition never was verified by affidavit, although on its face, apart from outside evidence, the oath appeared to apply to the entire petition and all its allegations of facts.

The strictest compliance with all the provisions of the rule as to procedure always has been held essential in cases like the present. Rule 6, for the regulation of practice before this court, requires that the petition must be "verified by affidavit." This means that the truth of all facts which the petitioner thinks sufficiently material to be in the petition must be supported by oath. It prohibits the insertion of additional averments after the affidavit has been made and without indicating that the affiant does not assume responsibility for their truth. Manifestly such practice as the present record discloses does not accord with the let-

ter or with the spirit of the rule. *Tufts* v. *Newton,* 117 Mass. 68. *Hadley* v. *Watson,* 143 Mass. 27. *Bishop, petitioner,* 208 Mass. 405. The reason for this is that such a petition undertakes to control the statement of a judge made under the solemn obligations of his official duty. Justice does not demand an investigation of the subject unless some one is willing to assume the burden of making oath to the truth of all the facts on which action is sought.

*Petition dismissed.*