JOHN HENRY COMPANY, petitioner.

Suffolk. November 8, 1915. — November 8, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Exceptions,* Petition to establish. *Rules of Court.*

Proceedings to establish the truth of exceptions are *strictissimi juris.*

The requirement of Rule 6 of this court, that a party seeking to establish the truth of exceptions shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record, must be complied with strictly in order that such a petition may be entertained; at any rate when the adverse party insists on his rights.

PETITION filed in this court on October 25, 1915, by the John Henry Company, a corporation, to establish exceptions alleged by it and disallowed by *Stevens*, J., in an action brought against the petitioner by Andrew B. Murphy of Boston.

On November 8, 1915, a motion for the appointment of a commissioner came on for hearing, when, it being stated by the counsel for the petitioner that no copy of the petition had been furnished to the respondent or his attorney before the filing of the petition but that the respondent had been informed of the proposed filing of the petition and soon after its filing was furnished with a copy of it, the court, on the counsel for the respondent stating that he insisted on his rights, ordered that the petition be dismissed, and issued a rescript as follows:

"Proceedings to establish the truth of exceptions are *strictissimi juris*. Rule 6 of this court requires that a party seeking to establish exceptions shall give notice thereof, before filing his petition, to the adverse party by delivering a copy thereof to him or his attorney of record. Confessedly the petitioner did not comply with this rule. It follows that its petition must be dismissed. *Fuller, petitioner*, 219 Mass. 209. *Broomfield* v. *Sheehan*, 190 Mass. 585. *Shawmut Commercial Paper Co.* v. *Brigham*, 209 Mass. 199."

Rule 6 of this court "for the regulation of practice before the full court" is as follows: "Whenever a party seeks to establish before this court the truth of any allegations in a bill of exceptions, which a judge has refused to allow and sign, he shall, within twenty days after notice of such refusal, file his petition, verified by affidavit, setting forth in full said allegations, and all facts material thereto, in the court in which the exceptions would by law have been entered, if duly signed and allowed; and shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record. And no party shall be allowed to establish the truth of any such allegations in this court, if he has failed to comply with the requisitions herein prescribed."

*P. J. Sondheim*, for the petitioner.

*C. H. Donahue*, for the respondent, was asked by the Chief Justice whether he insisted on his rights, and replied that he did. Otherwise he was not called upon.