JOSEPH A. DUBOIS *vs.* BOSTON AND MAINE RAILROAD. January 11, 1944. Order of the Appellate Division affirmed. This is an appeal by the plaintiff, in a case tried in the Municipal Court of the City of Boston, from an order of the Appellate Division whereby the plaintiff's petition to establish a report was dismissed. By an express provision of Rule 30 of the Municipal Court of the City of Boston (1940) a petition to establish a report cannot be maintained unless the requirements of that rule are complied with. One of the requirements of the rule is that the petition be "verified by affidavit." This requirement was not complied with in the present case. The affidavit of the petitioner is that the statements in the petition are "true to the best of his knowledge and belief." Such an affidavit is insufficient. This requirement is expressed in the same words that have been used for many years in the rule governing petitions to establish exceptions. Rule 30 of the Rules of the Supreme Judicial Court for the Regulation of Practice at Common Law (1884), 136 Mass. 589, 598. Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926). 252 Mass. 585, 587. Proceedings before the Appellate Division for the establishment of reports are closely analogous to proceedings before the Supreme Judicial Court for the establishment of exceptions. See *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 368. The purpose of verification by affidavit is the same in both kinds of proceedings. Obviously the judges of the Municipal Court of the City of Boston in adopting a rule so closely similar to the rule of the Supreme Judicial Court intended to adopt the same practice so far as appropriate. It is to be assumed that they used the words "verified by affidavit" in the sense attributed by judicial decisions to these words in the rule of the Supreme Judicial Court. According to judicial decisions the affidavit requirement by the rule must be a statement "in positive terms" (*American Carpet Lining Co.* v. *Chipman,* 146 Mass. 385, 390), and the rule requires that "some

person with a knowledge of the facts should make oath to their truth." *Hadley* v. *Watson,* 143 Mass. 27, 28. In the latter case an affidavit "to the best of . . . [the] knowledge, information, and belief" of the affiants was held insufficient since they "do not take the responsibility of stating that the facts are true" and "do not state that they know or recollect any of the facts." The court considered the word "information" in the affidavit but did not rest the decision solely on the use of that word. The affidavit in the present case does not use the word "information," but without it the affidavit does not make the statement "in positive terms" upon the affiant's own knowledge that the rule here applicable requires. So far as this affidavit discloses, the affiant may have had no knowledge of the facts stated in the petition. He asserted none by his affidavit. Since the affidavit was insufficient to meet the strict requirement of the rule, other possible objections to the maintenance of the petition need not be considered.

*J. A. Dubois,* pro se.

*A. M. Knowles,* for the respondent.