STEPHEN O'FLANAGAN *vs.* HAROLD W. SMITH. November 29, 1944. Order of the Appellate Division affirmed. This action of tort was brought in the Municipal Court of the City of Boston. There was a finding for the plaintiff. The defendant filed a petition for the establishment of a report by the Appellate Division. This petition was dismissed by the Appellate Division on the ground that the petition was not "verified by affidavit" as required by Rule 30 of the Municipal Court of the City of Boston (1940). The petitioner — defendant below — appealed. There was no error. The affidavit does not satisfy the requirements of the rule. The affidavit required by the rule is a statement under oath in positive terms made by some person having knowledge of the facts. A statement "upon belief" of the affiant is not such a statement. *Hadley* v. *Watson*, 143 Mass. 27, 28. *Dubois* v. *Boston & Maine Railroad*, 315 Mass. 758. The affiant made oath that the facts stated in the petition are "true except in so far as stated to be upon belief and that as to such facts I believe them to be true." The "facts" "stated to be upon belief" are that the draft report contains "all the evidence material" upon certain issues. The petitioner urges that the principle above stated is inapplicable to such facts since they are not susceptible of knowledge, but are susceptible only of belief. The claim of report was disallowed by the trial judge for the reason, among others, that the draft report "does not set forth all the evidence essential to a full understanding of the questions presented," that is, that the draft report does not conform to the requirement of Rule 29 of the Municipal Court of the City of Boston (1940) that a draft report shall set forth "facts" "essential to a full understanding of the questions presented." The purpose of the petition to establish a report is in part to control and contradict this statement of the trial judge. All the evidence in this case would be necessary to control and contradict this statement, except as a separation is made between material and immaterial evidence. What constitutes all the evidence is a matter susceptible of knowledge, but what constitutes all the *material* evidence, importing a separation of material and immaterial evidence, may involve a matter that is not susceptible of knowledge but is susceptible only of opinion or belief, that is, the materiality of evidence. The petitioner urges that in the present case the facts sworn to "upon belief" are not susceptible of knowledge. But a petition to establish a report must state facts susceptible of knowledge as a basis for establishing a report. This is the ground for the principle that the affidavit in support of a petition must be based upon knowledge and not merely upon belief. A petitioner cannot avoid the application of this principle and justify an affidavit "upon

belief" by including in the petition statements of facts that are not suscep-
tible of knowledge. The statements in the petition in the present case sworn
to "upon belief" are, in substance, statements of a conclusion, as matter of
belief, that the controverted statement of the judge was incorrect, unac-
companied, however, by any statement of the facts upon which this conclu-
sion is based and upon which the determination as to the correctness of the
statements of the trial judge depends. The petition begs the question.

*F. G. Bauer*, for the defendant.

*B. A. Sugarman*, for the plaintiff.