Keniston, G. J.
In re report on overruling demurrers and petitions to establish reports.
These are two actions heard and tried together against the defendant Automobile Insurance Company and against the defendant Fayette B. Clark, who was the agent of the defendant insurance company, to recover for the loss sustained by the plaintiff from the theft of an automobile which would have been covered by an insurance policy, which the plaintiff alleges each of defendants agreed to issue to the plaintiff.
*103 This is an appeal in each, case from the overruling of the defendants ’ demurrers to the declarations, and petitions to establish two reports in each case, the first based upon the trial on the merits, and the second based upon the denial of a motion for a new trial.
The declarations in each are the same except for such appropriate differences in wording to make one apply against the defendant insurance company in the first case, and the other to apply against the defendant, Clark, individually, in the second case. Each declaration has two counts, one in contract and the other in tort.
In the report based upon the overruling of the demurrers, the grounds of the demurrers in each case are the same namely: 1. That the declaration does not state a cause of action. 2. That the allegations and statements in the declaration are not set out with such clarity as required by law.
The declarations are unnecessarily long*, and contain much that is more in the nature of evidence upon which, the plaintiff relies than of 'a statement of the claim. The grounds of the demurrers go to the substance matter rather than the form of the declaration.
The declarations do state in part that “the defendant negotiated with the plaintiff for the renewal of said insurance (insuring the plaintiff against loss by theft) and . . . for a valuable consideration the defendant did enter into an agreement with the plaintiff whereby the defendant did agree to obtain a policy of insurance for the plaintiff . . . That it was the duty of the defendant, in accordance with his agreement to obtain a policy of insurance for the plaintiff (from the Automobile Insurance Company) in renewal of, and to contain the same terms and conditions as the (prior) policy of insurance and to protect the rights and interests of the plaintiff. That the defendant failed to *104 fulfill Ms duty to the plaintiff, and did breach the terms of his agreement and did not obtain for the plaintiff the policy of insurance in accordance with his agreement”, and that the plaintiff suffered loss by reason of the theft of a car wMch he had to pay for which theft was not covered by insurance.
The count in tort in each case is similar to the count in contract except that it alleges' that it was the duty of the defendant “to protect and safeguard the plaintiff ... by obtaining for the plaintiff a policy of insurance”, and that the “defendant failed to obtain aforesaid policy . . . and . . . was careless and negligent in protecting* the rig’hts and interests of the plaintiff and in obtaining aforesaid policy of insurance for the plaintiff.”
These allegations would seem to set forth a legal claim with sufficient clarity for the defendant to understand the nature of the plaintiff’s claim.
The defendant’s real contention, as it seems to appear from their briefs and oral argument, is that there is no cause of action based upon an agreement to obtain a policy of insurance, that there are only two forms of action which can be legally brought for such a loss, one based upon a written policy and the other upon an oral policy where there is temporary coverage given while the policy is being prepared and there has been a loss prior to the execution and delivery of the policy. All of the cases cited by the defendants in their briefs are of suits based upon the oral coverage.
We see no reason why an agreement given for proper consideration to obtain a policy of insurance should not be binding and recovery had thereon in case of a breach thereof for the damages suffered as a result therefrom. Such contracts seem to have been recognized and to have been enforced. Sanford v. Orient Ins. Co., 174 Mass. 416; Friend *105 Bros. Inc. v. Seaboard Surety Co., 316 Mass. 639, 645; Parkway Inc. v. United States Fire Ins. Co., 317 Mass. 428. London Clothes Ltd. v. Maryland Casualty Co., 1945 A. S. 1137.
As appears from the defendants ’ petitions to establish reports on the trial on the merits, the trial judge did not read the declarations of the plaintiff but asked counsel to state briefly what the issues were and the plaintiff stated the issues as set forth in the certificate of the trial judge, as follows:
“That the individual defendant, who was an insurance agent of the other defendant and the corporate defendant, had agreed to insure the plaintiff, who was a garage owner for the storage of cars, etc., and to keep him insured by a liability insurance policy, insuring against the loss by theft of stored cars and the defendant in each case failed to do this and that there was a theft of a stored car for which the plaintiff had to pay, and for this damage was claimed. ’ ’
If the issue as thus stated by counsel was a different cause of action than alleged in the declarations, the overruling’ of the demurrers to the declarations would become a moot question. However, we can discover no essential difference in the causes of action as set forth in the declaration and the oral statement of counsel for the plaintiff.
The report upon the overruling of the demurrers should be dismissed.
Petitions were filed to establish reports claimed in each of the cases based upon the conduct of the trial.
The trial judge disallowed the draft reports and filed the following memorandum .substantially the same in each case:
“I disallow this report as not in accordance with Rule 29, — among other things:
So far as the Draft Report (although no Requests as to the effect of the evidence were made) seeks to help *106 the review, by stating the evidence, it has omitted the essential evidence on which the finding of the Court was based.
The Report misstates the issue in stating that the defendant promised to renew a policy (see memorandum as to trial and finding's, filed by the Court).
The Report on Page 2 misstates what the Court said about trying the cases when he learned the nature of the Declarations and found that Demurrers to them had been overruled. What the Court said (*) is contained in its said memorandum ‘I stated to counsel that if they would state briefly what the issues were I would try those issues. Otherwise I should refuse to try the cases’. The Report contains a mass of immaterial matters.”
The report is objectionable in that it is unnecessarily long and incorporates as exhibits briefs and memoranda furnished the trial judge and which can in no sense be considered any part of any “facts essential to a full understanding of the questions presented.” Rule 29.
The trial judge has stated in 'his memorandum disallowing the report that the report, “has omitted the essential evidence on which the finding of the court was based” that it misstates, “The issue in stating that the defendant promised to renew the policy,” and misstates “what the court said about trying the eases when he learned the nature of the declarations and found that demurrers to them had been overruled. ’ ’
It also appears from the draft report of the defendants that at hearings on the draft report the plaintiff presented to the court fourteen separate omissions of evidence which he considered as essential to a fair statement of the evidence, and from the memorandum of findings of the trial judge it would seem that at least some of these suggestions should have been contained in the report.
*107 Aside from these objections, the draft report should be denied, if for no other reason, on the ground that no question of law is presented which we can review.
The defendants presented no requests for rulings. The only real contention of the defendants is that the trial judge proceeded to trial and heard the evidence upon the oral statement of the claims rather than the declarations. As previously stated in the opinion on the report on overruling the demurrer we see no substantial difference between the essential allegations of the declarations and the oral statement of the claims. The defendants state in their draft report that the defendant, “persisted in claiming that the declaration (s) did not state a cause of action and was (were) demurrable as to form as well as substance.” The defendants did not, however, attempt to save their rights either by asking for a report at the time or by filing requests for rulings. The rights of the defendants could 'have been properly saved by filing appropriate requests for rulings. This they failed to do.
An appeal brings up for consideration only rulings of law made by the trial judge and reported by him to this division. G. L. (Ter. Ed.) Chap. 231, Sec. 108, Carando v. Springfield Cold Storage Co. Inc., 307 Mass. 99, 101, Burns v. Winchell, 305 Mass. 276, 282.
If the defendants wished to raise the question of law whether findings for the plaintiff were warranted, and to preserve their rights of review thereof, they should have presented requests for rulings and asked for reports to that end. Baker v. Davis, 299 Mass. 345, 348 and cases cited.
The petitions to establish reports upon the trial in each of the cases should be denied.
Thereafter the defendants filed motions for a new trial in each case and set out fifteen different grounds as the basis of the motions. They also duly filed 10 requests for *108 rulings prior to the hearing of the motions. The trial judge denied the motion for a new trial and passed upon the requests for rulings by granting requests numbered 1, 4 and 7 and in effect granting request 9, by ruling that requests numbered 2, 3 and 8 were' requests for rulings which should -have been made at the trial, hy refusing requests numbered 5, 6 and 10 and by ruling that request 8A 1 ‘ raised a moot issue as the plaintiff has remitted $100 from the findings.”
The defendants claimed reports and filed draft reports in each case claiming to be aggrieved by the denial of the motions for a new trial and- the refusal of the Court to grant requests 5, 6 and 10 and by failing to adequately pass upon requests numbered 2, 3, 8, 8A and 9 and by failing to properly apply the requests appearing to be given to numbers 1, 4 and 7.
Later a hearing was held on the draft reports in each case and thereafter the trial judge settled the form of the report in each case and later by letter added two sentences to the form of the reports. The form of the reports prepared by the defendants and as submitted to the trial judge varied in some details from the form as settled by him and he thereupon disallowed the report.
The defendants thereupon filed petitions to establish the report in each case.
A comparison of the amended report in each case as ■settled by the trial judge and that submitted by the defendants shows many errors in the copy of the trial judge’s rulings upon the defendants ’ requests. Inasmuch as these rulings were filed by the trial judge in typewritten form we see no excuse for not submitting verbatim copies and the variations appear to be more than merely clerical or unintentional errors. We think the trial judge was justified in disallowing the report as finally submitted. It was the duty of the defendants as the appealing parties to prepare re *109 ports that conformed to the report as settled by the trial judge. Kelly v. Foley, 284 Mass, 503, 509 and cases cited, Santosuosso v. Della Russo, 300 Mass. 247, 248, 250, Keeney v. Ciborowski, 304 Mass. 371, 373, 374.
The petition in each case states that “your petitioner claiming to be aggrieved by the action of the Court in disallowing the defendant’s claim of report prays that the Report be established * * *”
It is not clear from this statement whether the petitioners seek to establish the original draft reports or the amended reports as determined by the trial judge. Whatever may be the intention of the petitioners the only report which is before us for establishment is the original draft report as filed by them. Moneyweight Scale Co. Pet’r, 225 Mass. 473, Thorndike, Pet’r, 257 Mass. 409, 410, Graustein, Pet’r, 304 Mass. 679.
At the outset it may well be questioned whether the petitions comply with Rule 30 as being properly verified. The affidavit states “that the Draft Report as originally filed and the Report as subsequently filed contain true statements of the evidence and the proceedings so far as material to the issue there sought to be reported.” This- is not a verification that “all of the statements are true” or “that the statements contained therein are true.” Fuller Pet’r, 219 Mass 209, O’Flanagan v. Smith, 317 Mass. 770, Calcagno v. P. H. Graham & Sons Co. Inc., 313 Mass. 364, 368, Dubois v. Boston & Maine RR, 315 Mass. 758.
Moreover the petitions do not comply with the specifications required by Rule 31 as to form. The copy of the original draft report and the copy of the “Disposition of Defendant’s requests for Rulings in Connection with the Motion for a New Trial” and several of the other copies annexed to the reports are apparently the last or among the last of such a large number of carbon copies made from one typing that they are scarcely legible.
*110 The original draft reports are largely a restatement of the same facts as contained in the reports filed upon the -trial on the merits with some additions as to the version of the attorney for the defendants of what transpired at the trial regarding the reading of the declarations and the attorney’s understanding thereof, with some additional testimony introduced at the trial and further facts relating to the filing of the motion for a new trial and the proceedings thereon.
It appears from the certificate as to the draft reports filed by the trial judge that the reports- leave out a great-deal of the testimony favorable to the plaintiff and upon which the trial judge relied in making his finding and there are discrepancies between the statements in the draft report and the certificate filed by the- trial judge- as to what took place at the trial relative to the oral statement of claim made by counsel for the plaintiff.
In these respects the draft reports are not true reports.
Even if -the original draft reports were established no real question of law .has been raised by the defendants’ requests that could not have been raised at the- trial or by the denial of which the defendants have been prejudiced.
Requests 1, 4 and 7, relative to the power of the Court to grant new trials were granted,. and the defendants are not aggrieved -thereby. Baker v. Davis, 299 Mass. 345, 348.
Requests 2, 3 and 8 could have been raised at the trial and have been so ruled upon by the trial judge. Skudris v. Williams, 287 Mass. 568, 570, Restuccia v. Bonner, 287 Mass. 592, 593 and cases cited, Mantho v. Nelson, 285 Mass. 156, 158.
Requests 5, 6 and 10 raise the question of the right to try the cases on issues other than those -stated in the declarations. This question could have been raised by appropriate requests at the trial. The cases having been tried *111 upon an oral statement of issues and the defendants having lost, they now seek a new trial upon the declarations which substantially set forth the same claims and issues as were stated orally. Bequests 5, 6 and 10 were properly denied. Weiner v. Schulte, Inc., 275 Mass. 379, 384, 385, Nowell v. Equitable Trust Co., 249 Mass. 585, 597, Moskow v. Burke, 255 Mass. 563, 568, Noyes v. Caldwell, 216 Mass. 525, 527, Lincoln Park Garage v. Devonshire Financial & Ser. Corp., 277 Mass. 303, 305, Pizer v. Hunt, 250 Mass. 498, 504, 505, Earle C. Dodds, Inc. v. Boston Casualty Co. 308 Mass. 124, 127, Menici v. Orton Crane & Shovel Co., 285 Mass. 499, 502, 503.
Bequest 8A raises a moot question as the plaintiff has remitted the excessive amount of the finding.
Bequest 9 has in effect been granted, but the trial judge states that he finds no reason to grant a new trial. The motion was directed to his sound judicial discretion. There is nothing to indicate that there has been any prejudicial conduct or abuse of discretion so that a new trial was required as a matter of law. Davis v. Boston Elevated Ry., 235 Mass. 482, 496, 497, Skudris v. William, 287 Mass. 568, 571 and cases cited.
Beports upon overruling demurrers in both cases dismissed. Petitions to establish reports upon the trial on the merits in both cases denied. Petitions to establish reports upon the denial of motions for a new trial in' both cases denied.

 In Clark's case it states: “What the Court Stated."