*Municipal Court of the City of Boston*
No. 343615
## EDWARD M. JOYCE
v.
## BOSTON INSURANCE COMPANY
(July 23, 1953)

*Keniston, C. J.* This is a *petition to establish a report* in an action in which the petitioner as plaintiff acting pro se seeks to recover the sum of $210.47 for legal services or one half of the sum of $420.95 recovered in a motor accident suit for property damages. The court found for the plaintiff in the sum of $75.00 on December 1, 1952 and the plaintiff on December 8, 1952 filed a motion stating "that he is of the opinion that the finding was inconsistent with the evidence and the rulings of law made by the court in that the amount of damages is inadequate" and asking that "the finding of damages in the amount of $75.00 be vacated, and a finding be made on the declaration."

The court denied the motion and ordered the clerk to endorse on certain requests for rulings offered by the plaintiff in support of his motion "Refused for filing, but may be marked for identification."

The plaintiff claims to be aggrieved by the denial of his "Motion to vacate finding and the refusal of the court to accept and rule on his request for rulings on said motion."

This petition must be dismissed. It lacks the essential allegation verified by affidavit that the draft report that it seeks to establish conforms to the truth. The fact that the petition itself is verified by oath and that it contains allegations pertinent to the

report is not enough. *Lasell v. Director of the Division of Employment Security,* 325 Mass. 23.

Apart from the non-compliance of the petition with the requirement that it does not allege that the draft report is a true report, the petition should be denied for several reasons.

The petition states that "the plaintiff herewith petitions this cort to establish his claim of report" and this statement is followed by what apparently is intended to be the petitioner's claim of report. This "claim of report" has been changed in many particulars from the draft report. These changes are more than slight unintentional errors. *Freedman, Pet'rs* 222 Mass. 179. This "claim of report" can not be considered the same as the draft report. The draft report is the only report that can be established on a petition brought for that purpose. "Proceedings before the Appellate Division for the establishment of reports are closely analogous to proceedings before the Supreme Judicial Court for the establishment of exceptions," *Dubois v. Boston & Maine RR,* 315 Mass. 758; *Calcagno v. P. H. Graham & Sons, Inc.* 313 Mass. 364, 368, where it has been held that the only bill of exceptions that can be established is the original bill of exceptions filed. *Moneyweight Scale Co., Pet'r* 225 Mass. 473, 476; *Thorndike, Pet'r* 257 Mass. 409, 410; *Graustein, Pet'r* 304 Mass. 679.

The trial judge in disallowing the claim of report filed the following memorandum of facts and reasons therefor:

"The plaintiff's draft report in this case was filed on December 15, 1952. It contains the statement that 'This report contains all the material facts.'

On February 5, 1953, at a hearing on the draft report, the court pointed out numerous errors therein, and noted the omission of many material facts from the draft report as originally filed. At the conclusion of the hearing, the court tentatively settled the form of the report, but gave permission to the plaintiff to suggest, prior to February 19, 1953, any further

changes which he might desire to have made in the report as finally settled. The plaintiff having failed to submit any suggested changes within the time allowed, the court on February 26, 1953, settled the form of its report and ordered the plaintiff to prepare a copy of the report as so settled and to submit the same to the court on or before March 9, 1953. No such copy of the report as settled has been prepared and submitted by the plaintiff.

The draft report and the plaintiff's claim of report are hereby disallowed for the following reasons:

(1) The draft report omits many material facts, and contains distorted versions of comments by the court.

(2) The plaintiff has failed to prepare a copy of the report as settled by the court and to submit the same to the court within the time prescribed therefor."

Regarding the first reason given by the trial judge for the disallowance of the draft report, it was brought out at the oral arguments on the petition that at the trial on the merits evidence was admitted by an attorney as witness as to the services rendered by the plaintiff in the prior suit and the value thereof and the petitioner did not deny that this evidence was omitted from the draft report. It also appeared that the trial judge submitted to the petitioner six typewritten pages of corrections and changes to be made in the draft report. Without attempting to go into all of the omissions and misstatements of evidence in the draft report as set forth in these typewritten pages we find that the draft report omits the evidence of the attorney as to the value of the petitioner's services and that this evidence may well have had a material bearing on the court's finding and in this respect at least the draft report is not a true report, *Santosuosso v. Della Russo*, 300 Mass. 247, 250; *Calcagno v. P. H. Graham & Sons, Inc.* 313 Mass. 364, 365-366, and the trial judge was justified in disallowing the draft report. *Kelly v.*

*Foley*, 284 Mass. 503, 509; *Keeney v. Ciborowski*, 304 Mass. 371, 373-374.

As to the second reason given by the trial judge in disallowing the draft report, viz; that the "plaintiff has failed to prepare a copy of the report as settled by the court and to submit the same to the court within the time prescribed therefor, the petitioner's failure to comply with the court's order is adequate ground for the disallowance of the draft report. Boston Municipal Court Rules, December 1, 1952, Rule 32.

For these reasons the petition should be denied. The petition, however, being fatally defective for failure to attest to the truth of the draft report must be dismissed. *Petition dismissed*.

Edward M. Joyce, for the plaintiff.
Brier & Young, for the defendant.