*Municipal Court of the City of Boston*

No. 342164

**JEROME WEINBERG**

v.

**LEYTON SCHOOL OF DENTAL LABORATORY TECHNOLOGY, INC.**

(November 30, 1953)

*Keniston, C. J.* This petition to establish a report is not verified by affidavit as required by Rule 32 of this court. The affidavit states that the affiant "made oath that the Defendant's Petition to Establish Report sets forth in full the claim of the defendant by such report, and all facts material thereto, and that the Defendant's Draft Report and the Defendant's Substitute Draft Report conform to the truth". While this is a verification by affidavit that the Draft Report and the Substitute Draft Report are true, it is not a verification that the facts alleged in the petition itself are true. For this reason alone the petition must be dismissed. *Fuller, Petitioner,* 219 Mass. 209; *Wilson v. Checker Taxi Company,* 263 Mass. 425, 426; *Dubois v. Boston and Maine R.R.,* 315 Mass. 758; *O'Flanagan v. Smith,* 317 Mass. 770; *Lasell v. Director of Division of Employment Security,* 325 Mass. 23.

Apart from the above requirements that the petition is not properly verified there are other grounds on which the petition should be denied.

The trial judge in his certificate disallowing the draft report gives the following reasons therefor:-

"(1) There is no question of law raised by the draft report.

(2) Defendant does not set forth how he claims to be prejudiced by such rulings.

(3) Said report is not conformable to the facts; and:

(4) The rulings and findings of fact made by the court are inaccurately recorded and the defendant has failed to include in the draft report all of the requests for rulings made by it and upon which the court took action."

There is no statement outside the caption of the petition that the defendant seeks to establish any report. The report sets out in full two draft reports, one captioned, "Draft Report", and the other captioned "Substitute Draft Report". We assume from the caption of the petition that the petitioner does seek to establish either one or the other of the reports, but which one is not clear. Whatever may be the intention of the petitioner, the only draft report that can be established is the original draft report as filed by it.

"Proceedings before the Appellate Division for the establishment of reports are closely analogous to proceedings before the Supreme Judicial Court for the establishment of exceptions," *Dubois v. Boston & Maine R. R.*, 315 Mass. 758; *Calcagno v. P. H. Graham & Sons Co. Inc.*, 313 Mass. 364, 368. where it has been held that the only bill of exceptions that can be established is the original bill of exceptions filed. *Moneyweight Scale Co., Petitioner*, 225 Mass. 473, 476; *Thorndike, Petitioner*, 257 Mass. 409, 410; *Graustein, Petitioner*, 304 Mass. 679.

The original draft report fails to include the testimony of the defendant's officer to the effect that the

defendant failed to pay the full rent for the month of November, 1951, or that it did not pay any rent for the months of December, 1951, January, 1952, February, 1952, nor for the month beginning March 1, 1952; that the reason the rent was not paid was that the corporation did not have the money and that the defendant corporation was still occupying the premises on March 6, 1952 after the notice to vacate had been served on it, and the defendant corporation was preparing to move after the receipt of the notice. The draft report includes as testimony of the plaintiff testimony given by the officer of the defendant and also includes in such testimony some that was excluded by the trial judge.

The original draft report also misquotes the court's rulings upon requests numbered (2) and (3) by leaving out the word "not" so that the rulings have an entirely different meaning than that intended, and the draft report omits entirely requests numbered (7), (8), (9), (10), and (11) which were granted by the court, and which, if included in the draft report, would seem to show that the defendant had prevailed in its contention and that no question of law was raised by the original draft report. In these respects at least, the original draft report is not a true report, and the trial judge was justified in disallowing the same. *Kelly v. Foley,* 284 Mass. 503, 509; *Keeney v. Ciborowski,* 304 Mass. 371, 373, 374.

For these reasons the petition should be denied. The petition, however, not being properly verified must be dismissed.

*Petition dismissed.*

David H. Aronson and Milton Band, for the plaintiff.
Israel Bernstein, for the defendant.