For Plaintiff: Leon M. Fox, Boston.

*Northern District*

No. 4882

## ADDIE E. LYMAN

### v.

## HARVEY A. TRUDEAU

This petition to establish report was referred to me by the Presiding Justice of this division. I notified counsel for both parties that I would, and did, hear them at East Cambridge at the Third District Court of Eastern Middlesex on June 29, 1955.

This case was tried in the District Court of Marlborough before Special Justice Simonsau who on March 22, 1955 found for the plaintiff in the amount of $800, being the amount claimed less interest, and for the defendant, as plaintiff in set-off, in the amount of $896.30.

At the trial, the plaintiff's counsel, after other preliminary questions which were answered, asked

the following question of the plaintiff in direct examination which was excluded by the trial judge:

"Q.  Did this conversation with your husband relate to any indebtedness on the part of the defendant Trudeau to your husband."

To the exclusion of this evidence the plaintiff claimed a report. He also filed requests for rulings, which were denied by the trial judge.

On March 25, 1955, the plaintiff filed in court a letter addressed to the clerk reading as follows:

"Please note my claim for a report to the Appellate Division of the rulings made in the above entitled case. A copy of a draft report will follow." This letter fails to mention the excluded evidence and the particular rulings involved.

On March 30, 1955, a draft report was filed in Court and two hearings held thereon by the trial judge, who disallowed the plaintiff's claim for report on May 11, 1955 for the reason that the paper previously filed in Court was not in accordance with Rule 27 of the Rules of District Courts.

On May 13, 1955, this petition to establish report was filed.

I find that this petition merely contains a recital of the docket entries and fails to include the facts of the case. Furthermore it is not sworn to properly. The affidavit reads "the above is true to the best of my knowledge and belief." I do not think that the jurat by the notary that he "made oath that the foregoing was true" corrects the affidavit. *Dubois v. B & M RR*, 315 Mass. 758; *Lasell v. Director of the Division of Employment Security*, 325 Mass. 23.

I find also that the trial judge correctly ruled that the letter requesting a report did not comply with said Rule 27, since there is no mention of the excluded evidence. *Mass. Building Finish Co., Inc. v. Benner*, 288 Mass. 481, 484, and contains no clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate

for identification. *Rawlins v. Perry*, 284 Mass. 488, 489; *Almaida v. Alsdorf*, 291 Mass. 115, 116.

The trial judge could have properly dismissed, instead of disallowing, the claim for report.

For the above reasons I recommend that the petition be dismissed.

/s/ Arthur L. Eno
Justice to whom the Petition to Establish Report was Referred

Recommendation adopted:

/s/ Charles F. Gadsby
Arthur L. Eno
Lawrence G. Brooks
Justices of the Appellate Division for the Northern District