This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Minotti, Clerk**

Patricia A. SHARKEY
vs.
RUDY'S SERVICE, INC.

No. 299

District Court Division, Norfolk, ss.
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

April 20, 1982

**Roger J. Grossman,** counsel for plaintiff.
**Gregory Stradley,** counsel for defendant.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Petition from the District Court Department, Quincy Division and it is found and decided that the petition contains no allegation that the draft report sought to be established conforms to the truth and for want thereof must therefore fail.

It is hereby

ORDERED: That the Clerk of the District Court Department, Quincy Division make the following entry in said case on the docket of said Court, namely PETITION TO ESTABLISH REPORT DENIED.

Date: April 20, 1982

**Daniel H. Rider, Presiding Justice**
**Robert A. Welsh, Justice**
**Milton R. Silva, Justice**

Opinion filed herewith.
**Patricia D. Minotti, Clerk**

## OPINION

Silva, J. This petition to establish a report arises from an original action alleging negligence and breach of contract for damages sustained to the plaintiff's motor vehicle after having been stolen some time during the period of December 20, to December 31, 1974, while at the defendant's place of business.

The answer was a denial that the defendant breached his duty of care or was negligent in the care of the motor vehicle while in his custody and that the damage was caused in whole or in part by the plaintiff's own negligence.

There was a trial on the merits, and the court found for the defendant.

Requests for rulings were timely filed by the plaintiff and denied. On July 10, 1979, seven days after the finding and judgment and denial of the plaintiff's requests, a request for report was filed. The docket entries do not reflect the filing of a draft report, but counsel alleged at oral argument that a draft report was attached to the request for report.

No action on the draft report was taken by the trial justice. On July 24, 1981, two years after the filing of plaintiff's request for report, the plaintiff filed a motion to establish report and a draft report. This motion, which we treat as a petition, was not accompanied by an affidavit report and all the facts material thereto.

Rule (64(e) of the Dist./Mun. Cts. Rules of Civil Procedure provides, "Whenever a draft report shall be disallowed by a justice . . . , or if action on such report is unduly delayed, the party seeking the same may . . . , file with the clerk his petition, including a copy of the draft report so disallowed, and five copies thereof verified by affidavit of the party or his attorney setting forth in full his request for such report and all of the facts material thereto . . . No party shall be allowed to establish the truth of any allegations if he has failed to comply with the requirements herein prescribed."

The affidavit required by the rule is a statement under oath in positive terms made by some person having knowledge of the facts. **O'Flanagan v. Smith,** 317 Mass. 770 (1944); **Dubois v. Boston & Maine R.R.,** 315 Mass. 758 (1944); **Lasell v. Director of the Division of Employment Security,** 325 Mass. 23 (1949).

The petition in this case contains no allegation that the draft report filed July 10, 1979, and sought to be established conforms to the truth and for want thereof must therefore fail.

Petition to establish report is denied.

**Daniel H. Rider, Presiding Justice**
**Robert A. Welsh, Jr., Justice**
**Milton R. Silva, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Minotti**
**Clerk**