Welsh, P. J.
This is a petition to establish a report. The underlying action to which it relates is a claim sounding in tort seeking damages for alleged physical and mental injuries to the plaintiffs and to their property by reason of the escape of certain dangerous liquid hydrocarbons stored in defendant’s storage tanks. Defendant’s answer denied the operative allegations of the complaint, and raised the Statute of Limitations as a defense.
Upon transfer agreeable to General Laws Chapter 231, § 102C, the case was tried in the district court, resulting in a finding for the plaintiffs for $30,000.00 on the property damage count and for $10,000.00 on the count for physical and mental injuries. Judgment was entered in accordance with the findings on July 15,1982, with interest and costs.
On July 21,1982, the plaintiffs filed a request for retransfer to the Superior Court agreeable to General Laws Chapter 231, §102C. On July 23, 1982, the clerk caused the original papers to be transferred to Superior Court. At oral argument, the defendant’s counsel stated that he attempted to file a motion for a new trial with the court on that date, but was told by the assistant clerk that the court could not accept the motion, since the case was being transferred to the Superior Court. We note that had the motion been accepted, it would have been timely filed, since ten days had not elapsed from the date of entry of judgment. Rule 59(b), Dist./Mun. Cts. R. Civ. P.[2]
We need not rehearse at length the labyrinthine course of proceedings from retransfer to Superior Court until the receipt of this Appellate Division of the instant petition to establish report and related documents. Suffice it to say that the defendant’s counsel unsuccessfully sought an order from a justice of the Superior Court to remand the case to the district court so that he could present his motion for new trial. An interlocutory motion for reconsideration before a single justice of the Appeals Court agreeable to General Laws Chapter 231, §118 brought a change of fortune for the defendant. The remand order indicated that the case was sent back to the district court for the limited purpose of disposition of the defendant’s motion for new trial nunc pro tunc. *142 The motion was heard and denied by the trial judge, and the papers were again transferred to the Superior Court on the same day that the motion was disposed of. The defendant’s counsel again sought an order of remand for the purpose of pursuing an appeal to the Appellate Division. This motion was allowed, subject to the condition that the Appeals Court approve, in view of the limited mandate of its previous order. Upon receipt of such approval, the case was again remanded to the district court. A draft report and a motion to correct inconsistencies were filed in the district court the day following the remand. Neither the motion to correct inconsistencies nor the draft report was acted upon within three months, so the instant petition was filed in order to preserve the defendant’s right of review in the Appellate Division. Rule 64(c)(5), Dist./Mun. Cts.. R. Civ. P.
We have chosen to look beyond the not insubstantial array of procedural flaws, and inadequacies,[3] and pass to a consideration of several issues raised by the record on this petition.
1. The procedural morass in this case was engendered in large measure by the precipitate action attributed to the office of the clerk in the district court in causing the papers to be retransferred to the Superior Court without affording the defendant an opportunity to pursue his post-trial motion or to perfect an appeal by way of request for report or draft report. While the statute uses the term “forthwith” in characterizing the duty of the clerk to transmit the papers to the Superior Court, this must be understood in the light of the established rights of the parties to pursue appropriate post-trial motions and/or to perfect an appeal to the Appellate Division. The provisions in General Laws, Chapter 231, §102C stating that the clerk will transmit the papers forthwith upon receipt of a request for transfer is not to be taken literally. Otherwise, the district court would be deprived of the original papers before it completed its statutory duty. McGloin v. Nilson, 348 Mass. 716, 718-719 (1965). The 10 day period to request transfer was tolled also by the pendency of the motion for new trial. Vicalvi v. George, 39 Mass. App.. Dec. 73, 76 (1967). When the clerk’s office receives a request for retransfer, the proper course is to hold the papers until the expiration of the time for filing a motion to amend findings or a motion for new trial or a draft report, and to abide the outcome. Otherwise, a party other than the'one seeking a transfer will be denied an opportunity to pursue his post-judgment remedies, a result wholly inconsistent with the purposes of the Remand Statute.
While we acknowledge that the unfortunate error of the clerk’s office causing the papers in the case to be spirited away prematurely to the Superior Court should not inure to the detriment of the defendant, neither should it operate so as to enlarge its procedural rights. Had the error not occurred, the defendant would not have had the right to present in piecemeal fashion its various post-trial motions and a request for report. Questions of law not *143 seaonably and properly saved cannot be revived by the simple expedient of asserting them at a later time, obtaining a second ruling and basing a claim of error upon that ruling. Peterson v. Hopson, 306 Mass. 597, 599 (1940). Nor is the Appellate Division bound to reconsider questions decided on an earlier appeal in the same case. Id. at 599. The order of the Appeals Court was that the case be remanded to the District Court for the sole purpose of allowing the trial judge to act upon the motion for new trial. This order was later expanded so as to permit appellate review in the normal course of the Appellate Division. These orders become the law of the case. The only question open for review as a matter of right in the Appellate Division was the trial court’s disposition of the motion for new trial. See Daniels v. Cohen, 249 Mass. 362, 363-364 (1924). Apparently no requests for rulings were filed in connection with the motion for new trial. In fact, there is nothing in the draft report suggesting that the defendant claims to be aggrieved by the disposition of the motion for new trial. In the absence of a showing of an error of law touching upon the denial of such a motion, the only question open is whether or not there was a clear abuse of discretion in denying the motion. Bartley v. Phillips, 317 Mass. 35, 40-44 (1944). Defendant has failed to demonstrate an abuse of discretion. Davis v. Boston Elevated Railway Co. 235 Mass. 482, 502 (1920).
There was no error in the failure by the trialjudge to act upon the motion to correct inconsistency. The trial judge’s duty was to follow implicitly the terms of the remand order, unless he in his discretion permitted new issues to be presented. Lannin v. Buckley, 268 Mass. 106, 111 (1929). Compare Wolfe v. Laundre, 327 Mass. 47, 50-51 (1951). Clearly, the judge complied with the mandate. He was not ordered to consider claims of error at trial. His failure to settle a report based upon such alleged errors was not improper.
2. A petition for establishment of a report must be predicated upon a draft report to which the petitioner is entitled to have allowed as a matter of right. See Graustein, Petitioner, 305 Mass. 568 (1940); O’Connell, Petitioner, 174 Mass. 253, 255 (1899). Since the draft report did not address itself to any errors of law as regards the disposition of the motion for new trial but sought to raise solely questions of law based upon rulings at the trial, and was thus beyond the scope of the mandate of the Appeals Court’s interlocutory orders, the petition to establish is to be denied.
An order is to enter denying the petition to establish report.

The rule requires that such a motion be served not later than 10 days after entry of judgment. Plaintiffs attorney acknowledges he received a copy on July 22,1982.

Among these are: (1) Failure to include in the petition an unequivocal affidavit, based upon personal knowledge that the draft report, as filed, truthfully, accurately and fully sets forth those matters as to which petitioner is aggrieved. Parkway Imports, Inc. v. Askinos, 37 Mass. App. Dec. 200, 202 (1967); Cook v. Kozlowski, 351 Mass. 708 (1967); (2) Failure to contain a statement that the draft report was seasonably filed, and that proper notice was given. Weinberg v. Leyton School of Dental Lab Technology, Inc., 6 Mass. App. Dec. 89 1953; (3) Failure to conform the draft report to model form; (4) The inclusion of extraneous matter in the draft report, such as argument and citations- See Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121; (5) Failure to include in the draft report all matters as to which petitioner claims to be aggrieved, and a clear, concise summary of so much of the evidence as relates to the various claims of error; (6) Failure to include in the draft report a statement that it includes all of the evidence material to the questions reported. Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976).