Dolan, PJ.
This is a petition to establish a report that was disallowed by the trial judge. We decline to establish the report.
The judge found that plaintiffs claim for property damage to his motor vehicle was unreasonably denied by his insurance company, and awarded plaintiff damages and a penalty under the provisions of G.L.c. 90, §340. The defendant alleges that the court was in error in applying the facts of the case to its insurance contract with plaintiff, and on March 26, 1993 timely filed a draft report.
The docket reflects that no action was taken on that draft report until June 17, 1993 when the clerk sent notice to the parties in accordance with Dist./Mun. Cts. R. Civ. R, Rule 64(c) (5), that the time for final action on the draft report would expire on June 25, 1993. No action was taken until July 27, 1993 when the court received defendanf s request for a hearing on the draft report. On October 7, 1993 a hearing was held, at the conclusion of which it was apparently agreed that a revised statement of the evidence would be filed with the court within two weeks in order to eliminate objections made at the hearing to the completeness and accuracy of the draft report. This revised statement of the evidence was not filed.
On November 18, 1993 the court disallowed the draft report “because of the incomplete, misleading presentation of the evidence concerning the accident and the insurer’s response to the request for payment and 93A demand.” Between the October 7, 1993 hearing and the November 18, 1993 disallowance, the attorneys had some contact with each other with respect to a revised statement of the evidence. However, the judge was not informed of their contact and defendant did not seek additional time to file a revised statement of the evidence.
The petition to establish the draft report need not be allowed when the draft report is defective. The judge informed defendant that changes would be needed to make the draft report acceptable. While an appellant is not required to agree to the judge’s suggestion for changes, in this case the defendant agreed. Failure to *8 make such changes after agreeing to make the changes warrants disallowance. Joyce v. Boston Ins. Co., 6 Mass. App. Dec. 33, 34 (1953); Humble Oil & Refining Co. v. Strong, 34 Mass. App. Dec. 11, 12 (1966).
The judge’s certificate of reasons for disallowance are sufficient to justify his disallowance. “Statement of fact made by the trial judge in such certificate are to be treated as true in the first instance and will stand as final unless rebutted, explained or overcome by other evidence.” Patterson v. Ciborowski, 277 Mass. 260, 265 (1931). Defendant has not met its burden of rebutting, explaining or overcoming by other evidence, the judge’s statements of fact.
Were we to assume that the draft report conveys a substantially accurate picture of the trial proceedings, there would be no prejudicial error. Rule 64 provides a three month period for the establishment of the report. Defendant’s failure to take any action to establish its report until after the three month period for the establishment of the report had expired, warrants the dismissal of the draft report. Brown v. Quinn, 27 Mass. App. Ct. 288 (1989). In addition, the failure of defendant to comply with the judge’s order that a revised statement of the evidence be filed within two weeks warrants dismissal of the draft report. Joyce, supra at 34.
Petition denied.